Gulf Refining Company *v.* School District of Philadelphia, Appellant.

178

Argued: March 16, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Theodore F. Jenkins,* for appellant.

*Alfred T. Steinmetz,* for appellee.

Opinion by Parker, J., July 14, 1933:

The sole question involved in this case is whether the school district of Philadelphia is required, by the "Liquid Fuels Tax Act" of May 21, 1931, P. L. 149, 72 PS 2611a, to pay a tax on gasoline used by it in the exercise of its functions as a school district. The action was started in the form of a case stated in assumpsit, and from the pleadings it appears that the plaintiff company, registered to do business in Pennsylvania, secured a permit under that act and, after the effective date of the act, sold to the school district certain gasoline for its use as such, including in the price thereof a tax of three cents per gallon which it had accounted for and paid into the treasury of the Commonwealth. The stipulation provided that if the school district was liable for such tax, judgment should be entered for the plaintiff; otherwise, for the defendant. The court of common pleas of Philadelphia County entered judgment in favor of the plaintiff for the amount of the tax, and the school district appealed to this court. We must affirm the judgment.

Section 4 of the Act of 1931 provides as follows: "The tax shall be payable upon liquid fuels sold and delivered to or used by the Commonwealth, and every political subdivision thereof." As we understand the argument of the learned counsel for the defendant, it is contended that the school district of Philadelphia is a governmental agency and not a political subdivision of the Commonwealth, and being such a governmental agency, it is not subject to the tax in question. The Act of May 1, 1929, P. L. 1037, was a somewhat similar act but did not contain a provision imposing a tax upon the government or any of its political subdivisions. In the case of Com. v. Pure Oil Co., 303 Pa. 112, 154 Atl. 307, the Supreme Court held that the City of Philadelphia was not required to pay the gasoline tax imposed by the Act of 1929 on

gasoline purchased and consumed by it in the performance of its governmental functions as an agent of the Commonwealth. In that case Mr. Justice SIMPSON speaking for the court said (p. 117): "We have many times said that while the State may, by a general statute, tax subordinate governmental agencies in matters affecting the performance of their governmental duties, the presumption is that this was not intended, and nothing short of an expressed or necessarily implied purpose to tax them will suffice to make them liable therefor." It follows that the Legislature may impose a tax on its governmental agencies, and there is left for consideration the question whether the Act of 1931 did in express terms or by necessary implication extend the tax to cover gasoline used by a school district in this Commonwealth.

The appellant earnestly contends that a school district is not a political subdivision of the Commonwealth. Our Supreme Court, in discussing matters kindred to those now under consideration, has frequently referred to school districts as political subdivisions. See Pittsburgh v. Sterrett Subdistrict School, 204 Pa. 635, 643, 54 Atl. 463; Wilkinsburg Boro. v. School District of Wilkinsburg, 298 Pa. 193, 198, 148 Atl. 77.

In the case of State v. Corker, 67 N. J. L. 596, 60 L. R. A. 564, 52 Atl. 362, the New Jersey Court of Errors and Appeals stated the distinctive marks of a political division as follows: "That they embrace a certain territory and its inhabitants, organized for the public advantage and not in the interest of particular individuals or classes; that their chief design is the exercise of governmental functions; and that to the electors residing within each is to some extent committed the power of local government, to be wielded either mediately or immediately within their territory for the peculiar benefit of the people there residing."

By Article X of the Constitution of Pennsylvania, the General Assembly is required to provide for the maintenance and support of a thorough and efficient system of public schools and appropriate a definite sum of money each year for that purpose. By Article III, Section 34, the legislature is given power to classify school districts, and by the School Code, Act May 18, 1911, P. L. 309, a public school system is established and the Commonwealth is divided into separate school districts. From the earliest history of the Commonwealth, the establishing and maintenance of an adequate school system for the instruction of the inhabitants has been recognized as a governmental function. Nothing is more firmly fixed among our institutions. The school district of Philadelphia is not only a geographical but also a political subdivision of the State, for it embraces a certain territory, and its inhabitants are organized pursuant to the School Code and, by express authority contained in the Constitution of the Commonwealth, for public advantage and not in the interest of individuals or classes. The school district is designed to exercise an important governmental function and is charged with political responsibilities, for through its representatives it must maintain the schools, furnishing the means in part by taxation, for the advantage and benefit of all the people. Under such circumstances, it cannot be said that a school district is not a political subdvision of the Commonwealth.

The fourth section of the Act of 1931, which we have cited above, is even broader and more inclusive than if it had simply indicated an intention to impose the tax on political subdivisions, for it provides that the Commonwealth itself, as well as its political subdivisions, shall pay the tax. This clearly meets the requirements necessary to show an intention to tax governmental agencies, stated as a prerequisite to the

collection of such a tax by the Supreme Court in the case of Com. v. Pure Oil Co., supra.

The appellant also contends that because the act in question does not specifically give notice in its title of an intention to extend the tax to political subdivisions, it violates Article III, Section 3, of the Constitution, requiring the subject of an act to be clearly expressed in its title. It is sufficient to say that the appellate courts of this state have frequently said that a title need not embody all the distinct provisions of a bill in detail, nor serve as an index or digest of its contents. It is sufficient if the title fairly gives notice of the real subject of the act so as reasonably to lead to an inquiry into what is contained in the body of the bill.

The remaining objection to the act is that the dealer is compensated for collecting and returning the tax to the Commonwealth and that there is some loss by reason of collecting the tax from the Commonwealth and its political subdivisions. This was a matter for the legislature in the exercise of its inherent powers. The legislature may have been of the opinion that there would be less opportunity for evasion of tax if the dealers were required to collect the tax on all sales. We are of the opinion that this case was correctly decided by the lower court.

The judgment of the lower court is affirmed.