## M. G. Mosites Company v.
## Southwestern Pennsylvania Water Authority

*Thomas P. Ruane*, for plaintiff.

*Paul V. Mahoney*, for defendant.

MUNSON, J., September 1, 1966.—This matter is before the court on defendant's preliminary objections to plaintiff's complaint, said objections raising questions of jurisdiction.

Plaintiff filed a complaint in assumpsit against defendant authority, a body politic and corporate created pursuant to the Municipality Authorities Act of May 2, 1945, P. L. 382, sec. 1, et seq., as amended, 53 PS §301, et seq. The complaint alleges that defendant's principal office is in Jefferson Borough, Greene Coun-

ty, Pa., but that it does business in Fayette County and maintains a branch office in Republic, this county. The complaint sets forth a written contract between the parties under which plaintiff repaired and painted a certain water storage standpipe belonging to defendant and situated in German Township, Fayette County. It avers defendant's failure to pay for this work following its completion.

The preliminary objections are on the ground that suit must be brought in Greene, rather than Fayette, County. Defendant relies on section 4B(h) of the Authorities Act of 1945, supra, 53 PS §306B(h), and Pennsylvania Rule of Civil Procedure 2103(b). The general rule is that actions may be brought against a corporation or similar entity in the county where its principal place of business is located or in a county where it regularly conducts business: Pa. R.C.P. 2179. The preliminary objections admit that defendant authority conducts business in Fayette, Washington and Greene Counties.

Section 4 of the Authorities Act of 1945, supra, relied on by defendant, provides, inter alia, as follows:

"Every Authority is hereby granted, and shall have and may exercise all powers necessary or convenient for the carrying out of the aforesaid purposes, including but without limiting the generality of the foregoing, the following rights and powers: . . .

"(h) To fix, alter, charge and collect rates and other charges in the area served by its facilities at reasonable and uniform rates to be determined exclusively by it, for the purpose of providing for the payment of the expenses of the Authority, the construction, improvement, repair, maintenance and operation of its facilities and properties, the payment of the principal of and interest on its obligations, and to fulfill the terms and provisions of any agreement made with the purchasers or holders of any such obligations, or with

the municipality incorporating or municipalities which are members of said Authority or with any municipality served or to be served by said Authority, and to determine by itself exclusively the services and improvements required to provide adequate, safe and reasonable service, including extensions thereof, in the areas served: . . . Any person questioning the reasonableness or uniformity of any rate fixed by any Authority or the adequacy, safety and reasonableness of the Authority's services, including extensions thereof, may bring suit against the Authority in the court of common pleas of the county wherein the project is located, or if the project is located in more than one county then in the court of common pleas of the county wherein the principal office of the project is located. The court of common pleas shall have exclusive jurisdiction to determine all such questions involving rates or service".

A mere reading of this section demonstrates that only suits questioning the reasonableness or uniformity of any rate fixed by an authority, or the adequacy, safety or reasonableness of any authority service must be brought in the principal office county of the authority. Since the instant action is not a suit involving any authority rate or service, but an action in assumpsit to recover an alleged debt due under a written contract, we find nothing in this section prohibiting the bringing of this action in Fayette County. Moreover, section 4B(b) of the Authorities Act, supra, 53 PS §306 B(b), expressly permits authorities "to sue and be sued, implead and be impleaded, complain and defend in all courts".

Pa. R. C. P. 2103(b) provides that "Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought in and only in the county in which the political subdivision is located".

Defendant urges that it is entitled to the protection of this rule, contending that if it is not a political subdivision, it should at least be treated as one for venue purposes.

Pa. R. C. P. 76 defines "political subdivision" as "any county, city, borough, incorporated town, township, school district or poor district". The Statutory Construction Act of May 28, 1937, P. L. 1019, art. VIII, sec. 101, as amended, 46 PS §601, defines "political subdivision" as "any county, city, borough, incorporated town, township, school district, vocational school district and county institution district". It is obvious that nowhere in these definitions is an authority enumerated as a political subdivision.

Defendant contends, however, that since it is performing a municipal function, i.e., the operation of a public water system, which Jefferson Borough in Greene County could perform itself, that when the borough created the authority to perform this function, the authority became merely an instrumentality of the borough. The law is to the contrary. Municipality authorities are not the creatures, agents or representatives of the organizing municipality; rather, they are independent and corporate agencies of the Commonwealth: Whitemarsh Township Authority v. Elwert, 413 Pa. 329; Simon Appeal, 408 Pa. 464. Moreover, the powers of municipality authorities are contained in the Authorities Act of 1945, supra, and not in the codes granting powers to the various classes of municipalities of the Commonwealth: Whitemarsh Township Authority v. Elwert, supra. A municipality or municipal authority owning and operating a water system is, as to such operation, a private business corporation, acting in its proprietary, rather than governmental, capacity: White Oak Borough Authority Appeal, 372 Pa. 424; Hamilton's Appeal, 340 Pa. 17; Yezioro v. North Fayette County Municipal Authority,

193 Pa. Superior Ct. 271. An authority or a municipality, when acting in its private or proprietary capacity, is considered to be a separate entity acting for its own private purposes and not as a subdivision of the state: White Oak Borough Authority Appeal, supra.

It is our conclusion that the instant action was properly brought in Fayette County.

## ORDER

And now, September 1, 1966, after consideration, defendant's preliminary objections are overruled and dismissed, and defendant is granted leave to file an answer to plaintiff's complaint within 20 days from this date. The prothonotary is directed to give prompt notice of this order to the parties or their counsel.