## Commonwealth *v.* Erie Metropolitan Transit Authority, Appellant.

Argued January 18, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Walter K. Swartzkopf, Jr.,* with him *Frank A. Sinon,* and *Rhoads, Sinon & Reader,* for appellant.

*Edward T. Baker,* Deputy Attorney General, with him *Fred Speaker,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, October 12, 1971:

The question presented by this appeal is whether or not a municipal transportation authority organized and existing under the Municipality Authorities Act of 1945[1] (the Authorities Act) is subject to tax liability

---

[1] Act of May 2, 1945, P. L. 382, §1 et seq., 53 P.S. §301 et seq.

under The Liquid Fuels Tax Act (the Fuels Tax Act).[2] Appellant, the Erie Metropolitan Transit Authority (ETA), formed by the City of Erie and Erie County under the Authorities Act, asserts that it is not so subject; the Commonwealth, appellee, claims that it is, and the court below, after a nonjury trial, agreed.[3]

The corporate purposes of ETA as set forth in its Articles of Incorporation are as follows: "To acquire, hold, construct, improve, maintain, and operate, own lease, either in the capacity of lessor or lessee, all facilities necessary or incidental thereto for the operation of a mass transportation system including motor buses for public use, in the metropolitan area consisting of the City of Erie and its surrounding environs within the County of Erie, Pennsylvania."

In the course of performance of its mass public transportation functions, appellant operates a fleet of 50 buses powered with diesel engines for the transportation of passengers. During the tax period involved, over 180,000 gallons of diesel fuel were consumed by appellant in its operations, giving rise to the tax claim in issue.

The Fuels Tax Act, Section 4, imposes "[a] permanent excise tax at the rate of seven cents ($.07) a gallon . . . on all dealer-users upon the use of fuel within this Commonwealth." (72 P.S. 2614.4) The same section carves out an exemption from the tax in the fol-

---

[2] Act of May 21, 1931, P. L. 149, §1 et seq., 72 P.S. §2611a et seq.

[3] The particular tax in issue is that for the period November 13, 1967 to August 5, 1968, and is with respect to ETA's use of diesel fuel in its buses during the period. The assessment for the period was $12,624.04, plus interest. No question is raised as to the calculation of the tax. The case came to the court below on appeal from the Board of Finance and Revenue. Exceptions filed to the order of the trial judge were dismissed and the order made absolute by the court en banc.

lowing language: "No tax is hereby imposed . . . (4) upon any fuel used by or sold or delivered to the Commonwealth of Pennsylvania and its political subdivisions. . . ."

ETA contends, in the first place, that it is a political subdivision within the meaning of the quoted section, and thus exempt. Alternatively, it claims exemption because it is an agent of the Commonwealth, and therefore embraced within the word "Commonwealth". Finally, even if not within the exemptions of the Fuels Tax Act, appellant contends that the Act under which it was created, the Authorities Act, shields it from the operation of the Fuels Tax Act.

We have concluded that the Fuels Tax Act, in exempting the Commonwealth itself from the tax, likewise exempted authorities formed under enabling legislation such as the Authorities Act.[4] We therefore need not consider whether ETA might also be exempt under the provisions of the Authorities Act.

This Court has consistently held that municipal authorities are not the creatures, agents or representatives of the municipalities which organize them, but rather are "independent agencies of the Commonwealth and part of its sovereignty." *Whitemarsh Township Authority v. Elwert*, 413 Pa. 329, at 332, 196 A. 2d 843 (1964); see also *Simon Appeal*, 408 Pa. 464, 184 A. 2d 695 (1962); *Tranter v. Allegheny County Authority*,

---

[4] Appellant clearly does not fall within the political subdivision exemption contained in the Fuels Tax Act. This term, while not defined in the Act, is clearly elucidated in the Statutory Construction Act in such a way as to exclude a municipal authority. Act of May 28, 1937, P. L. 1019, §101, 46 P.S. §601. The term is there defined to mean "any county, city, borough, incorporated town, township, school district, vocational school district and county institution district." The first general authorities statute predated the statutory construction act. Municipality Authorities Act of 1935, Act of June 28, 1935, P. L. 463.

316 Pa. 65, 173 Atl. 289 (1934); *Commonwealth ex rel. McCreary v. Major,* 343 Pa. 355, 22 A. 2d 686 (1941); *M. G. Mosites Co. v. Southwestern Penna. Water Authority,* 40 Pa. D. & C. 2d 251 (Fayette Cty. 1966). We are mindful of the general proposition that claims for exemption from taxation are to be strictly construed. *Wanamaker v. Phila. School District,* 441 Pa. 567, 571, 274 A. 2d 524 (1971); *Fischer v. Pittsburgh,* 383 Pa. 138, 118 A. 2d 157 (1955). But in this situation, where a public instrumentality is involved, another equally important rule is controlling, viz., "that in the absence of a statute to the contrary, public property used for public purposes is exempt from taxation . . . and no express exemption law is needed." *Southwest Delaware County Municipal Authority v. Aston Twp.,* 413 Pa. 526, 198 A. 2d 867 (1964). In so declaring, the Court was echoing the holding in *Commonwealth v. Pure Oil Co.,* 303 Pa. 112, 154 Atl. 307 (1931) construing The Liquid Fuels Tax Act of 1929, Act of May 1, 1929, P. L. 1037, as amended. In that case the question, as framed by the Court, was whether the City of Philadelphia was liable for a tax "on all gasoline purchased and consumed by it in the performance of its governmental functions as an agent of the Commonwealth." The statute there involved imposed a tax "upon all liquid fuels sold by dealers . . . and upon all liquid fuels used within this Commonwealth by consumers when no such tax has been collected thereon by a dealer. . . ." While containing some exemptions, there was no express exemption of municipalities when acting in their governmental capacities. In holding the city exempt, the Court said: "We have many times said that while the State may, by a general statute, tax subordinate governmental agencies in matters affecting the performance of their governmental duties, the presumption is that this was not intended, and nothing

short of an expressed or necessarily implied purpose to tax them will suffice to make them liable therefor." 303 Pa. at 117.[5] It is true that these pronouncements were made with specific reference to property taxes and not to excise taxes, but we perceive no difference in principle as far as the presumption favoring exemption is concerned.[6]

Appellant was created to operate a mass transportation system in metropolitan Erie. It was organized under an act of the legislature which declared that authorities created under it will be "for the benefit of the people of the Commonwealth of Pennsylvania, for the increase of their commerce and prosperity, and for the improvement of their health and living conditions." Moreover, authorities so organized, declared the legislature, "will be performing essential governmental functions." There is no contention that ETA in the case at bar is not performing such a function. It makes little sense to say that the legislature intended that a municipal corporation so engaged should be taxed on an indispensable aspect of that very function, namely, its use of liquid fuel. This is all the more true when it is realized that the legislature has recognized the need and made provision for subsidizing mass trans-

---

[5] It is interesting to note that when the Act of 1929, *supra*, was replaced by The Liquid Fuels Tax Act in 1931, Act of May 21, 1931, P. L. 149, §1, 72 P.S. 2611a, the following clause, not in the 1929 Act, was included in Section 4: "The tax shall be payable upon liquid fuels sold and delivered to or used by the Commonwealth and every political subdivision thereof." Thereafter the School District of Philadelphia contested its liability for the tax on the ground that it was not a political subdivision. Properly distinguishing *Commonwealth v. Pure Oil Co.*, *supra*, the Superior Court held the School District liable. *Gulf Refining Company v. School District of Philadelphia*, 109 Pa. Superior Ct. 177, 167 Atl. 620 (1933).

[6] We do not here mean to indicate that the Fuels Tax may not be a tax on property, notwithstanding the use of the word "excise" in Section 4.

portation under certain circumstances. Pennsylvania Urban Mass Transportation Assistance Law of 1967, Act of January 22, 1968, P. L.    , §1 et seq., 66 P.S. §1951 et seq.

We do not go so far as to suggest that whenever a legislative enactment refers to the "Commonwealth" it means to embrace in that word all authorities created by virtue of enabling acts. All we hold in this case is that ETA as a mass transportation authority is exempt from the operation of the Fuels Tax Act both because of the exemption in favor of the Commonwealth provided for in that Act and because of the rule of construction of tax statutes where a public interest is involved, as enunciated in *Commonwealth v. Pure Oil, supra*, and *Southwest Delaware County Municipal Authority v. Aston Twp., supra*.

The order of the Common Pleas Court is reversed and judgment is here entered for appellant.

Mr. Justice ROBERTS would affirm on the opinion of Judge LIPSITT in the court below.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.