## Wills v. Toole

*Frank G. Harrison,* for plaintiffs.
*Richard M. Goldberg,* for defendants.

HOURIGAN, J., November 6, 1972.—Plaintiffs instituted an equity action and also filed a motion for a preliminary injunction. Plaintiffs ask that the court order defendants to comply with the Public Meeting Law and that certain actions taken at meetings held September 19, 1972, and October 17, 1972, be held null and void for failure to comply with said act: Act of June 21, 1957, P. L. 392, as amended, 65 PS §251, et seq.

Defendants have filed a preliminary objection in the form of a demurrer for the reason that the complaint failed to set forth a cause of action because defendants are not subject to said act.

In order to resolve the issue raised by the demurrer it is necessary to look to the definition of "Board" as set forth in the act.

65 PS §251(A) provides:

"(A) 'Board.' The board of county commissioners of any county, the council of any city, borough or incorporated town, the board of commissioners of any township of the first class, the board of supervisors

of any township of the second class, the school board of any school district or the board, commission or other governing body of the Pennsylvania Turnpike Commission or of any State or municipal authority or similar organization created by, or pursuant to, a statute which declares, in substance, that such organization performs or has for its purpose the performance of an essential governmental function and that its bonds shall not pledge the faith or credit or be obligations of the Commonwealth or of any political subdivision."

The pertinent language to which our attention is directed is ". . . or the board, commission or other governing body . . . of any State or municipal authority or similar organization created by, or pursuant to, a statute which declares, in substance, that such organization performs or has for its purpose the performance of an essential governmental function and that its bonds shall not pledge the faith or credit or be obligations of the Commonwealth or of any political subdivision."

Is the Luzerne County Community College a similar organization to any State or municipal authority?

We have reviewed the General State Authority Act of March 31, 1949, P. L. 372, 71 PS §1707.1, et seq. The Municipality Authorities Act of May 2, 1945, P. L. 382, 53 PS §301, et seq., and the Community College Act of August 24, 1963, P. L. 1132, 24 PS §5201, et seq. We conclude that the Community College is not a similar organization to any authority established under either of the authority acts.

Any authority established under an Authority Act is a body politic and corporate: 53 PS §302(a) and 71 PS §1707.2(a). As stated in Commonwealth v. Erie Met. Transit Authority, 444 Pa. 345 at 348:

"This Court has consistently held that municipal

authorities are not the creatures, agents or representatives of the municipalities which organize them, but rather are 'independent agencies of the Commonwealth and part of its sovereignty.' "

In contrast to this the Community College is the creature and representative of the sponsor which created it.

" 'Community College' shall mean a public college or technical institute which is *established and operated* in accordance with the provisions of this act *by a local sponsor*": 24 PS §5202(4). (Italics supplied.)

The Community College is not incorporated but comes into existence after approval of the plan by the State Board of Education, and the governing bodies of the local sponsor appoint a board of trustees: 24 PS §5204(c).

The Community College is not self sustaining. The Board of Trustees supervises the expenditure of appropriations made by the local sponsor: 24 PS §5206 (a)(8)

Property purchased by or granted to the Board of Trustees is held in the name of the college on behalf of the local sponsor: 24 PS §5206(b).

By these few comparisons it is apparent that the Community College is not similar to an authority.

There is presently a bill before the legislature to amend the Public Meeting Law. The amendment would include in the definition of "Board" the board of trustees of any community college. See Exhibit "B" of complaint. Also House Bill 729, Session of 1971.

Accordingly, we enter the following

## ORDER

Now, this November 6, 1972, at 3:15 p.m., defendants' preliminary objection in the form of a demurrer is sustained.