## Aronauer v. Livingston, Sheriff

*Joshua D. Lock,* for petitioner.

*Richard L. Kearns,* contra.

MORGAN, J., June 18, 1974.—This matter is before us on a petition for a rule to show cause why a judicial sale should not be set aside. No hearing has been held, but the essential facts of the case seemed to be agreed upon.

On July 26, 1971, the Susquehanna Township Authority filed municipal claims against properties 2305 Oxford Avenue and 1809 Clayton Avenue in Susquehanna Township, for failure to pay sewer assessments.

On September 13, 1971, these same properties were exposed for sale because of unpaid taxes by the Dauphin County Tax Claim Bureau in accordance with the Real Estate Tax Sale Law.* The upset price was not bid, and subsequently the Tax Claim Bureau petitioned the court for leave to sell the properties free and clear of all liens as permitted by section 610 of the Real Estate Tax Sale Law. However, the title search, attached to the petition as required by section 610, failed to show the liens of the Susquehanna Township Authority. On January 29, 1973, the Tax Claim Bureau, under the authority granted by this court on said petition, sold the properties to Milton Aronauer.

On September 6, 1973, the properties were sold at sheriff's sale on the municipal claims of Susquehanna Township Authority and purchased by the authority, there being no other interested bidder.

---

*Act of July 7, 1947, P.L. 1368, sec. 101, 72 PS §5860.101, et seq.

Milton Aronauer is the petitioner herein and seeks to set aside the sheriff's sale on the grounds that the liens of the Susquehanna Township Authority were divested by the sale to him by the Dauphin County Tax Claim Bureau pursuant to sections 610-612 of the Real Estate Tax Sale Law.

Section 610 of the Real Estate Tax Sale Law provides:

"In cases where the upset price shall not be bid at any such sale, the property shall not be sold at that time and the sale shall be continued."

The section goes on to provide that thereafter a petition shall be filed with the court, accompanied by searches showing, among other things, all municipal claims. The court shall then grant a rule on such interested parties to show cause why the property should not be sold free and clear of all claims. Section 611 provides that the rule shall be served as a writ of scire facias.

The claims of the Susquehanna Township Authority were not included in the search that accompanied the petition under section 610 to sell the properties in question. Further, the Susquehanna Township Authority was not served with the rule. That the rule was served on the Township of Susquehanna does not aid petitioner. It has been consistently held that municipal authorities are not agents or representatives of the municipalities that organize them: Commonwealth v. Erie Met. Transit Authority, 444 Pa. 345, 281 A. 2d 882 (1971).

As has been held in Thomas Tax Sale Petition, 10 D. & C. 2d 686 (1957), which considered the precise issue before us, the crux of sections 610 and 611 of the Real Estate Tax Sale Law is that all interested parties have notice of the proposed sale before their liens can be legally discharged. We must hold, therefore, that

the failure to make service of the rule to show cause upon the Susquehanna Township Authority made the sale to Milton Aronauer ineffective to divest its liens.

## ORDER

And now, June 18, 1974, the rule heretofore issued to show cause why the sale by Harvey Livingston, Sheriff of Dauphin County of properties 2305 Oxford Avenue and 1809 Clayton Avenue to Susquehanna Township Authority should not be set aside, is hereby dismissed.