## Shannon v. Ashton

*Richard J. Shiroff* and *Gus Milides*, for plaintiffs.

*John C. Hambrook* and *George F. Coffin, Jr.*, for defendants.

WILLIAMS, *J.*, November 10, 1975—The matter before us is an action in mandamus. The facts are as follows:

Plaintiffs, John and Mary Shannon, built a home in Forks Township in 1974 after receiving oral assurances from defendant, Easton Suburban Water Authority ("Suburban"), that the home could be connected to an existing water main located under the street in front of the home site. A house next door and one across the street were already being served by this water main. In January or February 1975, when plaintiffs' home was substantially complete, Suburban refused to allow plaintiffs to connect to the water main, claiming that defendant, Fred Ashton, Mayor of the City of Easton, had ordered Suburban not to add any new customers. Plaintiffs then brought this action in mandamus to compel Suburban to connect their home to the water main and to compel Ashton to permit Suburban to do so. After a hearing on August 20, 1975, and argument on September 17, 1975, the matter is now before us for decision.

In order to succeed in an action in mandamus, plaintiffs must show a specific legal right on their part, a corresponding duty on the part of defendant, and the lack of an adequate remedy at law: Travis v. Teter, 370 Pa. 326, 87 A.2d 177 (1952).

Plaintiffs' rights and defendant Suburban's duties emanate from two sources. The first is a decision in which the Supreme Court of Pennsylvania affirmed a lower court's order directing a borough to supply water service to one who resided outside the borough's geographic limits: *Reigle v. Smith,* 287 Pa. 30, 134 Atl. 380 (1926). Since the borough had already supplied water service to four outsiders who lived along the water line, the court held that it could not discriminate against others in similar circumstances. The borough, therefore, had a duty not to discriminate and plaintiff had a right to be free from discrimination.

The second source of rights and duties is the Municipality Authorities Act of May 2, 1945, P. L. 382, 53 PS §301, et seq., under which defendant Suburban was established. This act authorizes the creation of "authorities" for the purpose of "acquiring, holding, constructing, improving, maintaining and operating, owning, leasing . . . projects of the following kind and character . . . waterworks, water supply works, water distribution systems . . .": 53 PS §306A. The same section allows the creating municipality to specify the projects to be undertaken by the authority. The articles of incorporation of Suburban, which were drafted by the City of Easton, give Suburban the specific duty to operate, maintain and improve the water system in Forks Township, as well as other places. Any person questioning the adequacy, safety or reasonableness of an authority's service, including "extensions thereof", may bring suit in Common Pleas Court to decide the question: 53 PS §306B(h). Suburban, therefore, has the duty to provide reasonable service in Forks Township and the Shannons have the right to question the reasonableness of the service

and thus have the court compel Suburban to make its service reasonable.

We conclude that Suburban has a duty to provide reasonable and nondiscriminatory water service and the Shannons have a right to compel Suburban to provide reasonable and nondiscriminatory service. The facts of the case indicate that the Shannons received prior assurances from Suburban that they would be supplied with water. There is a Suburban water main already in existence under the street in front of their home. The house next door and the one across the street are already served by that water main. On these facts, the refusal to grant service is clearly unreasonable and discriminatory unless Suburban can put forth some reason to justify it.

The only reason offered in support of Suburban's refusal to serve the Shannons is the order of Ashton to refrain from adding any more customers. We must determine whether this order is binding on Suburban and whether it can justify the refusal to serve the Shannons. An examination of the Municipality Authorities Act of 1945 reveals that an authority is defined as "a body politic and corporate": 53 PS §302(a). The case law stresses that authorities are independent bodies, not the agents or alter egos of the municipalities that created them: Simon Appeal, 408 Pa. 464, 184 A.2d 695 (1962); Whitemarsh Township Authority v. Elwert, 413 Pa. 329, 196 A.2d 843 (1964); Commonwealth v. Erie Metropolitan Transit Authority, 444 Pa. 345, 281 A.2d 882 (1971).

In the operation of its business affairs, every authority has the right and power to "determine by itself exclusively the services and improvements required to provide adequate, safe and reasonable

service, including extensions thereof, in the areas served . . .": 53 PS §306B(h). "By itself exclusively" has been specifically interpreted to mean without interference by the municipality that created the authority: Yezioro v. North Fayette County Municipal Authority, 193 Pa. Superior Ct. 271, 285, 164 A.2d 129, 137 (1960). The Municipality Authorities Act, therefore, does not give the mayor or the City of Easton the right to order Suburban not to accept any new customers.

The contracts between Suburban and the city, that is, the lease and water purchase agreement of August 1, 1958, also do not give Ashton the authority to issue the order in question. In fact, the water purchase agreement states that Suburban "may make such extensions as it deems desirable to the extent of the water supply made available . . ." Suburban is given the duty to notify the city of certain proposed extensions and the city has the right to notify Suburban if it cannot supply the water required for the proposed extensions. The city is not, however, given any right to order Suburban not to make any extensions. In the lease, Suburban binds itself to follow valid orders of governmental bodies. Ashton's order was apparently based on an Easton City Council resolution of December 6, 1972, which authorized the mayor "to invoke all of the city's legal and contractual right concerning expansion of the water facility, including direction to Easton Suburban Water Authority to refrain from expanding any water service." Since the law gives the city no right to give orders to Suburban, and since the contracts between the city and Suburban also do not give Easton any right to do so, we must conclude that Ashton's order had no basis and was, therefore, a nullity.

Suburban clearly cannot use this invalid order to justify its refusal to serve the Shannons. Since no other reason was given for the refusal, we find that the action of Suburban in denying service was unreasonable and discriminatory. This conclusion is based solely upon the facts of this particular case.

Plaintiffs assert that they have no adequate remedy at law. Obviously, damages will not make them whole. Where a defendant refuses to act and this can be corrected by affirmative action, mandamus is the proper remedy; moreover, where a defendant is acting in a way that must be prevented, the appropriate form of action is in equity: 23 P.L.E. Mandamus §2 (1959). Where there is a threat to cut off water service, an injunction is proper: Yezioro, supra. Where there is a refusal to provide service in the first place, mandamus is proper: Reigle, supra. It is clear then that the appropriate remedy in this case is an order directing defendant Suburban to provide the Shannons with water service.

Since Ashton's order directing Suburban not to add any new water customers was a nullity and since he has no power to permit, or not to permit, Suburban to provide service to the Shannons, no order with respect to him is necessary.

## ORDER

And now, November 10, 1975. in accordance with the foregoing opinion, the Easton Suburban Water Authority is directed to enter into a water main extension agreement with John and Mary Shannon for the purpose of providing water to the dwelling erected on their lot situated in Forks Township. The complaint is dismissed as to Fred L. Ashton, Jr.