Michael E. Fisher, Individually and on behalf of all others similarly situated, Appellant *v.* Southeastern Pennsylvania Transportation Authority, Appellee.

Argued March 2, 1981, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Edwin P. Smith,* for appellant.

*Lewis H. Van Dusen, Jr.,* with him *Robert J. Hoelscher, Drinker, Biddle & Reath,* for appellee.

OPINION BY JUDGE PALLADINO, July 1, 1981:

Michael Fisher (appellant) appeals from an order of the Court of Common Pleas of Philadelphia County which sustained a preliminary objection in the nature of a demurrer and dismissed appellant's complaint against the Southeastern Pennsylvania Transportation Authority (SEPTA). We affirm.

Appellant, an employee of SEPTA since 1973, brought an action against SEPTA on behalf of himself and all other employees similarly situated seeking back pay for time spent on active duty with any of the reserve components of the United States Armed Services. SEPTA demurred to the complaint and the lower court sustained the demurrer without determining whether or not the suit could properly be certified as a class action. This appeal followed.

Appellant argues that SEPTA failed to pay his salary during the weeks in which he attended Air Force Reserve training since 1973 as required by The Act of July 12, 1935, P.L. 677, *as amended,* 65 P.S. §114 (Act of 1935), which provided as follows:

*All officers and employes of the Common-
wealth of Pennsylvania, or of any political sub-
division thereof,* members, either enlisted or
commissioned, of any reserve component of the
United States Army, Navy, Marine Corps, Air
Force, or Coast Guard, shall be entitled to
leave of absence from their respective duties
without loss of pay, time, or efficiency rating
on all days not exceeding fifteen in any one
year during which they shall, as members of
such reserve components, be engaged in the
active service of the United States or in field
training ordered or authorized by the Federal
forces. (Emphasis added.)

Appellant avers that SEPTA is an agency and
instrumentality of the Commonwealth and as such
must compensate its employees for active service in
the reserves as provided by the Act of 1935.

On July 10, 1980, the Act of 1935 was amended by
Act 111 of 1980 and now provides in pertinent part
as follows:

All officers and employes of the Common-
wealth *or its instrumentalities,* or any political
subdivision thereof, *or its instrumentalities.* . . .
(Emphasis added.)

1980 Pa. Legis. Serv.

SEPTA contends that the amendatory language,
"or its instrumentalities," was meant to bring au-
thorities, such as SEPTA, within the ambit of the
Act of 1935 and that previous to the amendment
SEPTA employees were not entitled to receive any
wages for time spent in active service with the re-
serves.

The sole issue thus becomes whether the Legis-
lature intended the Act of 1935 to apply to employees
of authorities such as SEPTA prior to the recent
amendment.

SEPTA was created pursuant to the Metropolitan Transportation Authorities Act of 1963 (Act), Act of August 14, 1963, P.L. 984, *as amended,* 66 P.S. §§2001-2043, repealed by the Act of July 10, 1980, P.L. 427. Section 4(a) of the Act, 66 P.S. §2004(a) provides in part that "[a]n authority shall in no way be deemed to be an instrumentality of any city or county or other municipality or engaged in the performance of a municipal function, but shall exercise the public powers of the Commonwealth *as an agency and instrumentality thereof.*" (Emphasis added.) Appellant argues that because SEPTA's enabling legislation characterizes it as an instrumentality of the Commonwealth, it necessarily is a part of the sovereign for all intents and purposes and its employees are therefore Commonwealth employees for purposes of the Act of 1935. Appellant attempts to buttress his argument by reliance upon cases which have held SEPTA and similar transportation authorities exempt from certain types of taxation by virtue of their status as agencies or instrumentalities of the Commonwealth. *See Commonwealth v. Erie Metropolitan Transit Authority,* 444 Pa. 345, 281 A.2d 882 (1971) (Transportation authority included within the phrase "Commonwealth of Pennsylvania" for purposes of exclusion from "The Liquid Fuels Tax Act."[1]) and *Southeastern Pennsylvania Transportation Authority v. Board for the Assessment and Revision of Taxes of Delaware County,* 13 Pa. Commonwealth Ct. 207, 319 A.2d 10 (1974) (Transportation authority not subject to taxation by local taxing bodies.).

We do not dispute the fact that SEPTA is an instrumentality of the Commonwealth. Moreover, we do not deny that as an instrumentality of the Com-

---

[1] Act of May 21, 1931, P.L. 149, *as amended,* 72 P.S. §§2611a-2611x.

monwealth, SEPTA is not subject to taxation by local municipalities, absent specific statutory authority to the contrary. *Id.; Philadelphia v. Southeastern Pennsylvania Transportation Authority,* 8 Pa. Commonwealth Ct. 280, 303 A.2d 247 (1973). However, we cannot agree with appellant that employees of SEPTA are employees of the Commonwealth within the intendment of the Act of 1935.

As the Supreme Court stated in *Erie, supra* at 351, 281 A.2d at 885, "[w]e do not go so far as to suggest that whenever a legislative enactment refers to the 'Commonwealth' it means to embrace all authorities created by virtue of enabling acts." Furthermore, "[n]either authorities nor municipalities are sovereign; they have no original or inherent or fundamental powers of sovereignty or of legislation; they have only the power and authority granted them by enabling legislation." *City of Philadelphia v. Southeastern Pennsylvania Transportation Authority,* 1 Pa. Commonwealth Ct. 101, 114, 271 A.2d 504, 510 (1970), *aff'd* 441 Pa. 518, 272 A.2d 921 (1971) (quoting *White Oak Borough Authority Appeal,* 372 Pa. 424, 427, 93 A.2d 437, 438 (1953)).

In *Scott v. Shapiro,* 19 Pa. Commonwealth Ct. 479, 339 A.2d 597 (1975), we held that SEPTA's local activities and corresponding lack of statewide authority prevented it from being a state agency for purposes of jurisdiction under the "Sunshine Law"[2] despite the enabling statute which declares SEPTA an agency and instrumentality of the Commonwealth. There we stated:

> The legislature's grant of the powers of a State agency to SEPTA ... is necessitated only by the practical imperative of providing autonomy from local government interference

[2] Act of July 19, 1974, P.L. 486, *as amended;* 65 P.S. §§261-269.

with the operations of the agency. . . . While SEPTA is not 'local' in the traditional sense, in that it encompasses and affects a multi-county area, its activities are certainly not of statewide concern.

*Id.* at 483-84, 339 A.2d at 599.

Although the *Scott* case dealt with SEPTA only for purposes of appellate court jurisdiction, we believe that our reasoning is equally applicable here. The Legislature many years ago recognized the need for efficient and inexpensive mass transportation systems designed to alleviate serious traffic difficulties in the overcrowded metropolitan areas of the Commonwealth. Thus, SEPTA and other transportation authorities were created pursuant to legislative guidelines designed to provide independent operating powers with minimal local government interference. The grant of broad powers by the Legislature was meant to insure efficient operation of the integrated transportation networks, not to expand the already large and complex state bureaucratic system. We do not believe that the Legislature intended SEPTA to be a Commonwealth agency in the traditional sense or for SEPTA employees to be considered Commonwealth employees for purposes of other legislative enactments.

Further, notwithstanding the above rationale, it is obvious that the Legislature did not intend the Act of 1935 to apply to employees of an instrumentality of the Commonwealth such as SEPTA prior to the recent amendment. For us to hold otherwise and reach the result urged by appellant would make the amendment mere surplusage, an outcome contrary to the Legislature's presumed intent as set forth by the rules of construction. Statutory Construction Act of 1972, 1 Pa. C. S. §1922(2).

Therefore, we hold that appellant and other similarly situated employees of SEPTA are not entitled to receive wages for time absent from work while in active service with reserve units of the United States Armed Forces prior to the effective date of Act 111 of 1980.[3]

Accordingly, we enter the following

ORDER

AND NOW, July 1, 1981, the order of the Court of Common Pleas of Philadelphia County, dated May 13, 1980, is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.

----

[3] 1980 Pa. Legis. Serv. Act 111 of 1980 was given a retroactive effective date of January 1, 1980.