632 A.2d 868

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Donald E. LUCAS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 22, 1993.

Decided Nov. 4, 1993.

John F. Marshall, Law Offices of William E. Hager, III, New Bethlehem, for appellant.

Mark A. Wallisch, Dist. Atty., Brookville, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## *OPINION*

NIX, Chief Judge.

Appellant, Donald E. Lucas, appeals from the Order of the Court of Common Pleas denying his Motion for Judgment on the Pleadings and granting the Commonwealth's Motion for Judgment on the Pleadings which requested that Appellant be banned from exercising the functions of a member of the Eldred Township Municipal Authority Board and that he be removed from office. Appellant filed a direct appeal challenging the lower court's ruling pursuant to subsection 722(2) of the Judicial Code, 42 Pa.C.S. § 722(2), which confers on this Court exclusive jurisdiction of appeals from final orders of the courts of common pleas in cases involving the right to public office.[1]

On November 2, 1992, the Commonwealth filed a Complaint in Action of Quo Warranto against Appellant. Appellant holds the office of Township Supervisor of Eldred Township, and he is also a member of the Eldred Township Municipal Authority.

---

1. Subsequently, on May 6, 1993, an Order was issued reinstating Appellant as a member of the Eldred Township Municipal Authority Board during the pendency of this appeal.

Members of the Eldred Township Municipal Authority Board are appointed directly by the Eldred Township Supervisors. *See* 53 P.S. § 309 A(a) (Purdon Supp.1993).

■   The sole issue presented for our review is whether the term "appointive township office or position" in subsection 410(b) of the Second Class Township Code, 53 P.S. § 65410(b) (Purdon Supp.1993), includes a member of a municipal authority board. For the reasons that follow, we hold that the term "appointive township office or position" does not include a member of a municipal authority board; therefore, we reverse the Order of the Court of Common Pleas.

Subsection 410(b) of the Second Class Township Code provides:

(b) Except as provided in [53 P.S. § 65514], no supervisor shall at the same time hold any other elective or *appointive township office or position* other than township roadmaster or secretary-treasurer. Nothing in this subsection shall prohibit a supervisor from being a member of a township planning commission created pursuant to the act of July 31, 1968 (P.L. 805, No. 247) known as the "Pennsylvania Municipalities Planning Code."

53 P.S. § 65410(b) (Purdon Supp.1993) (emphasis added).

■   The trial court, without citing caselaw, held that membership on the Township Municipal Authority Board is an "appointive township ... position" within the meaning of the statute. *Commonwealth v. Lucas*, No. 1030 C.D. 1992 (C.P. Feb. 24, 1993). However, this Court has held that municipal authorities are not the creatures, agents or representatives of the municipalities which organize them; rather, they are independent agencies of the Commonwealth. *Commonwealth v. Erie Metro. Transit Auth.*, 444 Pa. 345, 348, 281 A.2d 882, 884 (1971); *Whitemarsh Township Auth. v. Elwert*, 413 Pa. 329, 333, 196 A.2d 843, 846 (1964). As a result, municipal authorities are not viewed as arms of townships. *Whitemarsh*, 413 Pa. at 333, 196 A.2d at 846. Therefore, because municipal authorities are independent Commonwealth agencies separate from townships, we find that the term "appoin-

tive township office or position" in subsection 410(b) does not encompass the members of a municipal authority board.

■ The Commonwealth asserts that the term "appointive township office or position" should be interpreted broadly to include offices which are closely affiliated with the township. The Commonwealth supports its position by stating that the name of the authority is the Eldred Township Municipal Authority; it is the township's only water authority servicing the area confined to Eldred Township; and the authority is created primarily through the action of the township [2] and the members of the municipal authority board are appointed by the township supervisors.[3] However, the Commonwealth's position must fail because, as previously stated, municipal authorities are independent Commonwealth agencies and not appendages of townships. *Commonwealth v. Erie Metro. Transit Auth.*, 444 Pa. 345, 348, 281 A.2d 882, 884 (1971); *Whitemarsh Township Auth. v. Elwert*, 413 Pa. 329, 333, 196 A.2d 843, 846 (1964).

■ Therefore, this Court is constrained to hold that the term "appointive township office or position" in subsection 410(b) of the Second Class Township Code does not include a member of a municipal authority board. Moreover, the legislature may cure the situation complained of in this case. Only the legislature may declare governmental offices incompatible. *Commonwealth ex rel. Fox v. Swing*, 409 Pa. 241, 186 A.2d 24 (1962). If the legislature finds that these two offices are incompatible it should so state. However, "it is not for [this Court] to legislate or by interpretation to add to legislation matters which the legislature saw fit not to include." *Id.* at 246, 186 A.2d at 27.[4]

2. *See* 53 P.S. § 303 (Purdon Supp.1993).

3. *See* 53 P.S. § 309 A(a) (Purdon Supp.1993).

4. We note that in 1941, this Court held that public policy prohibited council members of a third class city from using their powers to appoint themselves to a municipal authority board. *Commonwealth ex rel. McCreary v. Major*, 343 Pa. 355, 359, 22 A.2d 686, 688 (1941). However, that case is not controlling. In *Commonwealth ex rel. Fox v. Swing*, 409 Pa. 241, 186 A.2d 24 (1962), this Court held that the court's

Accordingly, the Order of the Court of Common Pleas is reversed and the matter is remanded to the Court of Common Pleas for proceedings consistent with this opinion.

power at common law to declare offices incompatible was completely abrogated by Section 2 of Article 12 of the Pennsylvania Constitution of 1874. *Id.* at 244, 186 A.2d at 25 ("The General Assembly may by law declare what offices are incompatible."). Section 2 of Article 12 was renumbered as present Section 2 of Article VI of the Pennsylvania Constitution and reenacted without change by amendment dated May 17, 1966. *See* Pa. Const. art. VI, § 2 (Purdon Historical Note). Therefore, where the legislature has not declared the two offices in this case incompatible this Court may not do so.