IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Melissa Gibbons, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 334 M.D. 2022 |
| | : | Submitted: January 27, 2023 |
| Erie Metropolitan Transit Authority, | : | |
| Jeremy Peterson, CEO, in his official | : | |
| and individual capacities, and Edwin | : | |
| Torres, Director of Operations, in his | : | |
| official and individual capacities, | : | |
| Respondents | : | |


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                    FILED:  June 26, 2023


        Melissa Gibbons (Gibbons) filed a petition for review in this Court's original jurisdiction on July 21, 2022,[1] alleging violations of Pennsylvania's Whistleblower Law[2] and the United States Constitution by the Erie Metropolitan Transit Authority (Authority); Jeremy Peterson, the Authority's Chief Executive Officer, in his official and individual capacities; and Edwin Torres, the Authority's Director of Operations,

---

[1] Gibbons initially filed a praecipe for writ of summons in this Court on June 13, 2022.  Because the Pennsylvania Rules of Appellate Procedure do not provide for commencing actions by praecipe for writ of summons in our original jurisdiction, we entered a per curiam order on June 28, 2022, directing Gibbons to file a petition for review within 30 days.

[2] Act of December 12, 1986, P.L. 1559, *as amended*, 43 P.S. §§ 1421-1428.

in his official and individual capacities (collectively, Respondents). On August 9, 2022, Respondents filed preliminary objections, contending this matter falls outside the Court's original jurisdiction, among other things. Gibbons filed an answer to the preliminary objections on August 23, 2022. Following careful review, we agree with Respondents that we lack original jurisdiction. We therefore sustain Respondents' first preliminary objection, challenging our jurisdiction, and transfer the case to the Court of Common Pleas of Erie County.

## I. Background

In her petition for review, Gibbons avers she worked as the Director of People and Culture for the Authority beginning on July 19, 2018. Pet. for Rev. ¶ 7. Gibbons remained in this position for about three and one-half years, until the Authority placed her on administrative leave on December 27, 2021, and terminated her employment on January 7, 2022. *Id.* ¶ 8. Gibbons avers the Authority terminated her employment "for purportedly stealing Christmas cookies (which she did not do)." *Id.* At or near the time of her termination on January 7, 2022, the Authority informed Gibbons that it performed a forensic audit of her computer and discovered "two employee digital signatures" and e-mails belonging to Chief Executive Officer, Jeremy Peterson, from "2011-2015." *Id.* Gibbons avers she "had permission for" the digital signatures and "did not and could not put" the e-mails on her computer. *Id.*

Gibbons asserts, essentially, that the Authority's allegations were a pretense, and that it had really terminated her employment because she reported violations of its workplace policies. Gibbons avers she "personally observed or learned of many serious violations of" those policies, which she lists in her petition for review. *Id.* ¶ 9. The alleged violations consist of 20 distinct incidents, including incidents relating

to bus driver safety, drug dealing by a bus driver, "graft," employee altercations, and racial intimidation by a bus driver. *Id.* ¶¶ 12-16. Gibbons avers she reported these violations to Respondents, who then narrowed the scope of her duties, resources, and authority, before ultimately terminating her employment. *Id.* ¶ 18. Because of this improper termination, according to Gibbons, she suffered emotional distress, loss of pay and benefits, loss of professional reputation, and difficulty finding comparable replacement employment. *Id.* ¶¶ 20-21.

The petition for review includes three counts. In Count I, Gibbons alleges the Authority violated the Whistleblower Law by retaliating against her and terminating her employment for making good faith reports of wrongdoing. *Id.* ¶¶ 22-34, 38-39. In Counts II and III, Gibbons alleges Respondents violated her rights under the First and Fourteenth Amendments of the United States Constitution[3] by retaliating against her for "disclos[ing] serious public safety violations, financial corruption, and other matte[r]s of public concern." *Id.* ¶¶ 35-37, 40-43. Gibbons raises Count II against the Authority, Chief Executive Officer Jeremy Peterson, and Director of Operations Edwin Torres, in their official capacities. She raises Count III against the Authority, and Jeremy Peterson and Edwin Torres, in their individual capacities.

Respondents lodge three preliminary objections against Gibbons' petition for review. They contend this Court lacks original jurisdiction under Section 761 of the Judicial Code, 42 Pa.C.S. § 761, because the Authority is a local agency and not part of the "Commonwealth government." Prelim. Objs. ¶¶ 7-19 (citing 42 Pa.C.S. §§ 102, 761). Accordingly, Respondents request that we transfer this case to the Court of Common Pleas of Erie County. Respondents next raise a demurrer, contending Gibbons has not alleged "wrongdoing" as defined in the Whistleblower Law. *Id.* ¶¶

---

[3] U.S. Const. amends. I, XIV.

3

20-33. Finally, they argue the petition for review does not conform to law because it includes confidential medical information of an Authority employee in violation of the Americans with Disabilities Act.[4] *Id.* ¶¶ 34-41.

In Gibbons' answer to the preliminary objections, she contends this Court has original jurisdiction because the Authority is a "Commonwealth agency" according to *Commonwealth v. Erie Metropolitan Transit Authority*, 281 A.2d 882 (Pa. 1971). Answer ¶ 4. Gibbons disputes the argument that she has not alleged "wrongdoing" as defined in the Whistleblower Law. *Id.* ¶¶ 27, 30. She also disputes Respondents' assertion that her petition for review includes confidential medical information and contends the employee in question publicly divulged this information at a grievance hearing. *Id.* ¶¶ 5, 37.

## II. Discussion

The Court may sustain preliminary objections "only in cases that are clear and free from doubt." *Seitel Data, Ltd. v. Center Twp.*, 92 A.3d 851, 859 (Pa. Cmwlth. 2014) (quoting *Pa. AFL-CIO ex rel. George v. Commonwealth*, 757 A.2d 917, 920 (Pa. 2000)). We must "accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments" but need not accept legal conclusions, unwarranted factual inferences, argumentative allegations, or opinions. *Williams v. Wetzel*, 178 A.3d 920, 923 (Pa. Cmwlth. 2018) (citing *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994)).

Respondents' first preliminary objection, challenging the Court's jurisdiction, is dispositive. Our original jurisdiction is limited. Section 761(a) provides the Court "shall have original jurisdiction of all civil actions or proceedings: . . . **Against the Commonwealth government**, including any officer thereof, acting in his official

[4] 42 U.S.C. §§ 12101-12213.

4

capacity . . . ." 42 Pa.C.S. § 761(a) (emphasis added). Section 761(a)(1)-(4) supplies exceptions to this general rule. *See* 42 Pa.C.S. § 761(a)(1)-(4). Importantly, Section 102 of the Judicial Code, 42 Pa.C.S. § 102, defines "Commonwealth government." It indicates the term "Commonwealth government" excludes "any . . . **municipal or other local authority**, or any officer or agency of any such . . . local authority." *Id.* (emphasis added).

Although the Judicial Code does not further define "municipal or other local authority," our General Assembly defined those terms in the Statutory Construction Act of 1972 at Section 1991, 1 Pa.C.S. § 1991. According to Section 1991, a "local authority" is, "[w]hen used in any statute finally enacted on or after January 1, 1975, a municipal authority or any other body corporate and politic created by one or more political subdivisions pursuant to statute." *Id.* Moreover, a "municipality authority" or "municipal authority" is "[a] body corporate and politic created pursuant to . . . the Municipality Authorities Act of 1945.[5]" *Id.*

There is no dispute here that the Authority was "created pursuant . . . to the Municipality Authorities Act of 1945." *Id.* Our Supreme Court indicated this in its *Erie Metropolitan Transit Authority* decision, 281 A.2d at 883, on which Gibbons relies in her answer and brief. Answer ¶ 4; Gibbons' Brief at 1-2. Thus, the Authority is a "municipal or other local authority," rather than part of the "Commonwealth government" under Section 102 of the Judicial Code. 42 Pa.C.S. § 102. For this reason, Gibbons' action against the Authority is not within our original jurisdiction under Section 761(a) and instead belongs in the Court of Common Pleas of Erie County. 42 Pa.C.S. § 761(a); *see also* 42 Pa.C.S. § 931(a)

---

[5] Act of May 2, 1945, P.L. 382, *as amended*, *formerly* 53 P.S. §§ 301-322, repealed by Section 3 of the Act of June 19, 2001, P.L. 287. Similar provisions are now found in the consolidated Municipality Authorities Act, 53 Pa.C.S. §§ 5601-5623.

("Except where exclusive original jurisdiction of an action or proceeding is . . . vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction . . . .").

Importantly, our Supreme Court decided *Erie Metropolitan Transit Authority* in 1971. It was not a case addressing our original jurisdiction or Section 761, which took effect in 1978. There, the Court considered an appeal from a determination that the Authority was subject to fuel tax. 281 A.2d at 883-84. An exception to the tax existed for the Commonwealth and its political subdivisions. *Id.* at 884. The Court held the Authority satisfied this exception because "municipal authorities are not the creatures, agents or representatives of the municipalities which organize them, but rather are independent agencies of the Commonwealth, and part of its sovereignty." *Id.* (collecting cases; quotation marks omitted). The Court also cited the rule "that in the absence of a statute to the contrary, public property used for public purposes is exempt from taxation . . . and no express exemption law is needed." *Id.* (quoting *Se. Del. Cnty. Mun. Auth. v. Twp. of Aston*, 198 A.2d 867, 871 (Pa. 1964)).

As *Erie Metropolitan Transit Authority* demonstrates, characterizing an entity as a "Commonwealth agency" can have effects unrelated to our original jurisdiction. We have explained municipal government bodies may be "for some purposes local agencies" and "agents or instrumentalities of the state" for others. *London Grove Twp. v. Se. Chester Cnty. Refuse Auth.*, 517 A.2d 1002, 1005 (Pa. Cmwlth. 1986). Additionally, although municipal authorities "may be considered an 'instrumentality of the Commonwealth,' that does not mean that they are automatically considered to be 'the Commonwealth' for all purposes." *Se. Pa. Transp. Auth. v. Union Switch & Signal, Inc.*, 637 A.2d 662, 666 (Pa. Cmwlth. 1994). This Court must "examine the intent of the General Assembly in enacting a particular piece of legislation" when

6

discerning a municipal authority's status. *See id.* Thus, based on the Judicial Code, this Court has held the Southeastern Pennsylvania Transportation Authority, which has significant similarities to the Authority, "is a local agency and not an agency of the Commonwealth" for purposes of jurisdiction. *Quinn v. Se. Pa. Transp. Auth.*, 659 A.2d 613, 615 (Pa. Cmwlth. 1995) (citation omitted). We see no basis to reach a different result here.

### III. Conclusion

For all the foregoing reasons, the Court agrees with Respondents that we lack original jurisdiction. We therefore sustain Respondents' first preliminary objection, challenging our jurisdiction, and transfer the case to the Court of Common Pleas of Erie County. *See Seitel Data, Ltd.*, 92 A.3d at 863-64. Because we lack jurisdiction, we do not resolve Respondents' remaining preliminary objections. *Henry v. Wolf*, 256 A.3d 48, 53 n.9 (Pa. Cmwlth. 2021). In addition and as noted above, Respondents allege Gibbons' petition for review fails to conform to law by including the confidential medical information of an Authority employee. Accordingly, we direct our Prothonotary to transfer the petition for review, along with the preliminary objections and brief in support of preliminary objections, which attach the petition for review as an exhibit, under seal. The Court of Common Pleas of Erie County shall maintain the documents under seal unless and until it orders otherwise.

_____
STACY WALLACE, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Melissa Gibbons,                 :
            Petitioner     :
                              :
          v.              : No.  334 M.D. 2022
                              :
Erie Metropolitan Transit Authority, :
Jeremy Peterson, CEO, in his official  :
and individual capacities, and Edwin  :
Torres, Director of Operations, in his  :
official and individual capacities,    :
            Respondents  :

# **O R D E R**

**AND NOW**, this 26th day of June 2023, Respondents' preliminary objections are **SUSTAINED IN PART**.  The Court agrees it lacks original jurisdiction over this matter.  Therefore, Respondents' first preliminary objection, challenging the Court's jurisdiction, is **SUSTAINED**, and the matter is **TRANSFERRED** to the Court of Common Pleas of Erie County.  Because the Court lacks original jurisdiction, it does not rule on Respondents' remaining preliminary objections but transfers them to the Court of Common Pleas of Erie County.  However, because Respondents allege the petition for review fails to conform to law by including confidential medical information, the Court's Prothonotary is directed to transfer the petition for review, along with the preliminary objections and brief in support of preliminary objections, which attach the petition for review as an exhibit, **UNDER SEAL**.  The Court of Common Pleas of Erie County shall maintain the documents under seal unless and until it orders otherwise.

 

_____
STACY WALLACE, Judge