## McDannel et al. *v.* Weddige, Appellant.

*Real property—Estate for life—Curtesy—Taxation—Liability of life tenant—Nonproductive land—Act of June 24, 1887, P. L. 188.*

One who elects to take a life estate in his wife's real property as tenant by curtesy is liable for the taxes, and may be compelled to apply the income from that part of the estate which is productive to the payment of taxes on that part which yields no return. If such life tenant fails to pay the taxes, the rights of remaindermen may be protected under the Act of June 24, 1887, P. L. 188, and a sequestrator may be appointed, if necessary.

PORTER and HENDERSON, JJ., dissent.

Argued May 2, 1922. Appeal, No. 25, April T., 1922, by defendant, from decree of C. P. Erie County, May T., 1920, No. 225, on petition for citation for appointment of a sequestrator, in the case of Joseph R.

494, (1922).] Statement of Facts—Opinion of the Court.

McDannel, Sidney McDannel, S. E. McDannel, Pressley McDannel, D. M. McDannel, George L. McDannel, Mrs. F. A. Schumaker, Mrs. Richard Pherrin, Mrs. Linnie F. Naas and Mrs. Robert F. Greene v. William Weddige. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Petition for citation for appointment of a sequestrator. Before HIRT, J.

The facts are stated in the opinion of the Superior Court.

The court entered an order requiring the defendant to pay the taxes, and decreed that if he did not do so a sequestrator would be appointed. Defendant appealed.

*Error assigned,* inter alia, was the decree of the court.

*P. V. Gifford,* for appellant.

*F. B. Quinn,* of *Brooks, English & Quinn,* and with him *Joseph M. Force,* for appellee.

OPINION BY GAWTHROP, J., July 13, 1922:

Plaintiffs, owners in remainder of certain lands in Erie County, filed, in the court of common pleas of that county, a petition for the appointment of a sequestrator under the provisions of the Act of June 24, 1887, P. L. 188, entitled "An Act for the protection of the owners of freehold estates in remainder or reversion." After the filing of an answer by defendant, the life tenant, a hearing was held, and the court heard the testimony and filed an opinion ordering defendant to enter security conditioned that he pay within sixty days, to the persons thereto entitled all taxes on the real estate paid by plaintiffs or any of them since December 28, 1917, and further conditioned that defendant pay all taxes then in arrears, and thereafter apply the rents, issues and income of the real estate, whether collected or enjoyed by him, to the

payment of all taxes, assessments or repairs, failing in which a sequestrator to be appointed. From this order, defendant appeals and his eight assignments of error may be divided into two classes; the first three involving findings of fact by the court below; the other five involving conclusions of law and the order based thereon.

1. The assignments in the first class are overruled because there was evidence sufficient to sustain all the findings of fact.

2. We then have for consideration the assignments which challenge the lower court's conclusions of law and decree. It seems necessary first to state the facts. Cecelia C. McDannel Weddige, late a resident of the County of Erie, died December 28, 1917, intestate, leaving her surviving a husband, William Weddige, defendant appellant, and a number of brothers and sisters and children of deceased brothers and sisters, all of whom are plaintiffs herein. At her death, Mrs. Weddige was seized in fee of three pieces of land situate in the City of Erie and four pieces of land situate in Millcreek Township, Erie County. The husband, by his election, became tenant by curtesy of all the real estate. Plaintiffs are the owners of the remainder after the termination of the life estate. The land in the city is vacant, unimproved lots and produces no income. The land in Millcreek Township produced in 1920 an income of $539, and defendant occupied a dwelling house thereon which has a rental value of about $480 per annum, the annual rental value of all the real estate being about $1,019. The city taxes have been paid by one of the plaintiffs for the protection of the remaindermen. The taxes for 1920 on the Millcreek property amounted to $452, and the taxes on the city property for the same year to $311.09, the total taxes being about $763.09. All the profits have been received or enjoyed by defendant. He has paid the taxes on the land in Millcreek Township, but has failed and refused to pay the taxes on the land in the City of Erie.

The question remains whether defendant, a life tenant, may enjoy all the benefits accruing to him by reason of his tenancy without paying the taxes on the nonincome producing land in the City of Erie. No authority directly in point has been called to our attention. It is well settled, however, that one of the obligations of a tenant for life is to pay all the ordinary taxes assessed and accruing during his tenancy: Blackwell on Tax Titles, 472; Prettyman v. Walston, 34 Ill. 175; and cases cited in 34 L. R. A. (Old Series) 74. For such taxes the law imposes upon him a personal liability. If the life tenant fails to pay these taxes, the remainderman can pay them and recover the amount thereof from the life tenant. But he has another remedy provided by the act under which the present case was begun. The act is entitled "An Act for the protection of the owners of freehold estates in remainder and reversion." Prior to the date of its approval, if a life tenant failed to pay the taxes assessed and accruing during his life tenancy, the owner in remainder or reversion who was unable to, or did not, pay the same had no remedy within his own control, any procedure resulting in a sale for taxes being under the control of the tax collecting authority and of little use to the remainderman. To relieve holders of estates in remainder and reversion from the situation in which the law had placed them, the legislature provided, by the Act of 1887, that such owner in remainder or reversion could petition the court of common pleas of the proper county to appoint a sequestrator of the rents, issues and profits of such real estate when the tenant for life or for years, being liable to apply such rents, issues and income to taxes and certain other charges, has failed to do so and such failure is an injury to the remainder or reversion. One of the manifest purposes of the act was to enforce the duty of the life tenant to pay taxes and prevent him from enriching himself at the expense of the owner in remainder or reversion. The act should be interpreted so as to effectuate its purpose and give the relief which the

legislature had in mind. The contention of appellant is that in applying the Act of 1887 to the facts in this case his life estate in the land which he holds as tenant by the curtesy cannot be treated as a unit, but that each tract must be regarded as a separate piece of real estate; that so long as he pays the taxes and charges upon certain tracts, there is no authority in law for the appointment of a sequestrator of the rents, issues and profits of such tracts; that he has paid the taxes assessed against all the income producing land and that it was error for the court below to treat as a unit the land held by him and make an order which will result in the appointment of a sequestrator for all the land, unless he applies the income derived from the Millcreek Township land to the nonincome producing lots in the City of Erie. With this contention, we cannot agree. It was to prevent such mischief that the legislature undertook to give owners in remainder and reversion an effective remedy. In the light of the clear purpose of the Act of 1887, and, according to the plain meaning of the language used, the several pieces of real estate of Mrs. McDannel are, in contemplation of law one piece of land, so long as defendant retains title thereto, the life estate in which vested in defendant by his own election to take as tenant by the curtesy. It was his voluntary act which carried with it its attendant obligations. If defendant would continue to enjoy all the benefits accruing to him as a life tenant, he must assume all the burdens imposed upon him by law. As the rental value of the entire estate was ample to pay all the taxes, we think the Act of 1887 imposed on him the obligation to take part of the rental from the income producing land and pay the taxes on the unimproved lots in the City of Erie. Any other interpretation of the act would not only practically nullify it, but would lead to results flatly absurd and unjust. This conclusion is in harmony with the reasoning of the court In re Morton's Estate, 74 N. J. Equity 797, where we find the following: "The learned master relied upon the well-

settled rule that where lands are conveyed to a trustee, with directions to pay the income to one for life with remainder over, the person entitled to the income becomes the equitable tenant for life, subject to all the duties of a life tenant, including the payment of annual taxes and interest upon encumbrances, and that where the trust estate to whose income the life tenant is entitled consists in part of improved property, productive of revenue, and in part of unimproved property producing no income, the life tenant is bound to pay the taxes on the unimproved property from the income derived by him from the revenue producing property, so far as such income extends." To the same effect is Martin v. Kimball, 86 N. J. Equity 10. We see no error in the conclusions of law or the order of the learned court below. The last five assignments are, therefore, overruled.

The judgment is affirmed.

PORTER and HENDERSON, JJ., dissent.