Philadelphia, Petitioner, *v.* Southeastern Pennsylvania Transportation Authority.

Argued January 7, 1971. Before BELL, C. J., EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Matthew W. Bullock, Jr.,* First Deputy City Solicitor, with him *Levy Anderson,* City Solicitor, for City of Philadelphia, petitioner.

*Lewis H. Van Dusen, Jr.,* with him *Drinker, Biddle & Reath,* for Southeastern Pennsylvania Transportation Authority, respondent.

OPINION PER CURIAM, January 25, 1971:

The City of Philadelphia here challenges a fare increase approved by the Southeastern Pennsylvania Transportation Authority (SEPTA).

In August and again in September of 1970, a greater than three-fourths majority of the SEPTA Board overrode the veto of two dissenting members representing the City of Philadelphia and approved certain fare increases designed to reduce or eliminate SEPTA's current operating deficit. The City of Philadelphia ap-

pealed that decision to the Philadelphia Court of Common Pleas, which determined that the adoption of the increased fares was based upon an error of law and constituted a manifest and flagrant abuse of discretion, and remanded the matter to SEPTA for action not inconsistent with its decision.

SEPTA thereafter filed an appeal in the Commonwealth Court, which the City moved to quash on the ground that the appeal had not been duly authorized. The Commonwealth Court denied the motion to quash and reversed the order of the Court of Common Pleas. On December 23, 1970, this Court allowed this appeal.

In this Court the City reiterates its argument that SEPTA's appeal in the Commonwealth Court should have been quashed for the reason that SEPTA's Chief Counsel had not been affirmatively and specifically authorized to prosecute such an appeal on SEPTA's behalf. In light of SEPTA's resolution to increase fares, its involuntary involvement in litigation instituted by the City to prevent the implementation of that resolution, the statutory duty of SEPTA's Chief Counsel to prosecute and defend all suits on SEPTA's behalf,* and the absence of proof that the SEPTA Board disapproved of the appeal, there is no merit in this contention.

Although SEPTA has exclusive statutory authority to set rates,** the City asserts that SEPTA manifestly and flagrantly abused its discretion in adopting this particular fare increase. In this respect, the City contends that SEPTA violated a provision of the lease agreement between it and the City which obligates SEPTA in certain circumstances to furnish to the City

---

* Metropolitan Transportation Authorities Act of 1963, P. L. 984, §23, 66 P.S. §2023.

** Metropolitan Transportation Authorities Act of 1963, P. L. 984, §4, as amended, 66 P.S. §2004(d)(9).

a financial plan concerning its rate structure and transportation service. The City further alleges that SEPTA did not consider alternatives to a fare increase; that SEPTA utterly failed to cooperate with the City; and that the proposed fare increase is inequitable and discriminatory.

As we most recently declared in *Man O'War Racing Association v. State Harness Racing Commission*, 433 Pa. 432, 250 A. 2d 172 (1969), the scope of our review of discretionary action by a state commission, agency or authority such as SEPTA is most narrow.

"In our role as a reviewing court, we must enter upon the performance of our judicial function ever mindful of the deference we should show to the Commission's determinations. It is possible that if this Court had been called upon to carry out this important task, we might have chosen different[ly] . . ., perhaps because we might have placed more emphasis on certain factors which the Commission did not consider especially important. *But* . . . this does not in any way cast doubt upon the determination made by the Commission. Because it was not this Court, but the Commission which has been charged with this responsibility. *Our* scope of review is severely limited; what we must find in order to overturn . . . [the Commission's action] is a clear abuse of discretion." Id. at 450-51, 250 A. 2d at 181. Upon reviewing the record through the lens of the foregoing legal principles, we find no clear abuse of discretion.

Accordingly, the order of the Commonwealth Court reversing the order of the Philadelphia Court of Common Pleas is affirmed.

Mr. Justice JONES and Mr. Justice BARBIERI took no part in the consideration or decision of this case.