In Re: Appeal of the Board of School Directors of the Owen J. Roberts School District from Decision of the Board of Assessment Appeals of Chester County Exempting from Taxation Premises Designated Parcel 24-6-3, East Nantmeal Township, Chester County, Pa. Board of School Directors of the Owen J. Roberts School District, Appellant.

Argued April 6, 1979, before Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

136

*Lane H. Daylor,* with him *Kranzley, Wrigley, Yergey & Daylor,* for appellant.

*John S. Halsted,* County Solicitor, and *Milton Apfelbaum,* Assistant County Solicitor, for appellees, Chester County and Chester County Board of Assessment Appeals.

OPINION BY JUDGE CRAIG, August 16, 1979:

This is an appeal by the board of school directors of the Owen J. Roberts School District (school board) from a decision of the Court of Common Pleas of Chester County exempting from taxation the premises designated parcel 24-6-3, and known as Welkinweir. We affirm the lower court.

Welkinweir is an estate in Chester County consisting of 162 acres of land, a 20-to 24-room house, a garage, and an equipment building. Until May 31, 1977, Welkinweir was privately owned by Everett and Grace Rodebaugh. However, on that date the Rodebaughs conveyed Welkinweir by deed to the ''Commonwealth of Pennsylvania for and on behalf of West Chester State College.'' The conveyance was made under and subject to the terms of both an ''Open Space Easement in Gross'' granted to the Green Valleys Association, and a ''Statement of Principles With Respect to Gift of 'Welkinweir' and its Furnishings,'' executed by the Rodebaughs and West Chester State College.

Under the terms of the statement of principles, the Rodebaughs retained the right to reside at Welkinweir as long as they, or the survivor of them, desired, as well as the right to ''enjoy all those uses and prerogatives which preceded transfer of title, including

but not limited to providing entertainment and lodging for relatives and friends and acting as hosts to conservation, musical, and other groups.'' In addition, the Rodebaughs retained the right to approve any major physical additions, and to approve ''the details and timing'' of proposed uses of Welkinweir. The statement of principles also committed the Rodebaughs to making available their consultation services without charge, and required West Chester State College to give the wishes and recommendations of the Rodebaughs on the uses of Welkinweir ''special consideration.''

In July, 1977, the Chester County Board of Assessment Appeals removed Welkinweir from the tax rolls, exempting the property because of its transfer to the Commonwealth. The school board appealed, and the Board of Assessment Appeals held a hearing, after which it affirmed the exemption. The school board then appealed to the lower court, contending that the property was not used for public purposes, and therefore was not entitled to an exemption, according to Article VIII, Section 2 of the Pennsylvania Constitution, and Section 204 of The General County Assessment Law (Law), Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §5020-204.

Article VIII, Section 2 states:

(A)   The General Assembly may by law exempt from taxation:

. . . .

(iii)   That portion of public property which is actually and regularly used for public purposes.

Section 204 of the Law, 72 P.S. §5020-204, states:

(A)   The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:

. . . .

(7)  All other public property used for public purposes, with the ground thereto annexed and necessary for the occupancy and enjoyment of the same. . . .

This case is controlled by *Southeastern Pennsylvania Transportation Authority v. Board of Assessment and Revision of Taxes for Delaware County,* 13 Pa. Commonwealth Ct. 207, 319 A.2d 10 (1974). There, Judge WILKINSON stated:

The three cases before us for decision turn on the question of whether appellees, being a county, a township, a borough and two school districts, have the authority to levy real estate taxes upon real estate owned by appellant, Southeastern Pennsylvania Transportation Authority (SEPTA).  The lower court held that the appellees had such authority if the real estate against which the levy was made was not reasonably necessary for the operation of a public transportation system in this location. We must reverse and rule that in the absence of a statute specifically authorizing these inferior governmental agencies to levy a tax against real estate owned by the Commonwealth, no such power exists and the real estate owned by SEPTA is beyond the appellees' taxing authority.

. . . .

After the decision of our Supreme Court in Commonwealth v. Erie Metropolitan Transit Authority, 444 Pa. 345, 281 A.2d 882 (1971), and this Court's decisions in City of Philadelphia v. Southeastern Pennsylvania Transportation Authority, 8 Pa. Commonwealth Ct. 280, 303 A.2d 247 (1973), and City of Philadelphia v. Southeastern Pennsylvania Transportation Authority, 1 Pa. Commonwealth Ct. 101, 271

A.2d 504 (1970), aff'd., 441 Pa. 518, 272 A.2d 921 (1971), it seems quite clear to us that this is not a case of first impression and that the decisions in those three cases dictate a result here in favor of appellant.

In Erie, supra, our Supreme Court held that the Erie Metropolitan Transit Authority, as an agency of the Commonwealth and part of its sovereignty, was not subject to a fuel tax levied by the Commonwealth in the absence of express language in the statute authorizing the tax. The basis for this decision was laid in the earlier case of Commonwealth of Pennsylvania State Employes' Retirement System v. Dauphin County, 335 Pa. 177, 181, 6 A.2d 870, 872 (1939), when it was held that real estate owned by the Commonwealth could not be taxed by a political subdivision 'unless it points to a statute clearly authorizing it to do so.' As forcefully stated by Chief Justice HORACE STERN, in Fischer v. Pittsburgh, 383 Pa. 138, 141, 118 A.2d 157, 158 (1955), 'municipal corporations can levy no taxes unless the power be plainly and unmistakably conferred by the sovereign state, and the grant of such right must be strictly construed and not extended by implication.' . . . .

The first six pages of appellees' printed brief are used to set forth the quotations from the various statutes upon which appellees rely as giving them authority to tax the real estate of SEPTA. These are Sections 201 and 204 of The General County Assessment Law. . . . In all of these Acts, appellees cannot direct our attention to the magic words, 'including property owned by the Commonwealth.' In the absence of such words indicating an intention to grant authority to levy a tax on property of

the Commonwealth, the Acts relied on by appellees are unavailing.

. . . .

The court below and appellees rely on the cases of Moon Township Appeal, 387 Pa. 144, 127 A.2d 361 (1956), and Pennsylvania Turnpike Commission v. Fulton County, 195 Pa. Superior Ct. 517, 171 A.2d 882 (1961). The Moon Township case is inapposite, for there you had a township and a school district taxing property owned by the County of Allegheny and used in connection with the Greater Pittsburgh Airport. The County obviously cannot assert the freedom of the sovereign from the general taxing authority of the township and the school district and, therefore, had to rely on the general exemption from taxation of public property used for a public purpose. Such is not the case here. With regard to the Turnpike case, supra, suffice it to say that it was decided by the Superior Court prior to Erie, supra, being decided by our Supreme Court and to the extent to which it is inconsistent must be deemed to no longer represent the law of Pennsylvania. (Footnote omitted.) (Statutory citations omitted.)

13 Pa. Commonwealth Ct. at 209-12, 319 A.2d at 11-12.

On the authority of *Southeastern*, we hold that land owned by the Commonwealth is not subject to tax, whether or not it is used for a public purpose.

The school board would have us reconsider our decision in *Southeastern, supra*. We decline to do so, particularly because such a reconsideration would not aid the school board. Even if *Southeastern* were not controlling, the issue would be whether Welkinweir is used for a public purpose, and the lower court found that it is so used.

A determination of whether the use is public is a judicial question for the ultimate determination of the courts. *Reading Municipal Airport Authority v. Schuylkill Valley School District,* 4 Pa. Commonwealth Ct. 300, 286 A.2d 5 (1972). The lower court had sufficient evidence upon which to base its finding of a public purpose, and the only evidence offered by the school board to show a lack of public purpose was that the Rodebaughs continued to live on and use Welkinweir, under the terms of the statement of principles, discussed earlier. That limited life interest by the Rodebaughs is not sufficient to alter the primary use of the property from a public to a private purpose.

For the reasons set out above, we affirm the decision of the lower court exempting Welkinweir from taxation.

ORDER

AND Now, this 16th day of August, 1979, the order of the Court of Common Pleas of Chester County, docketed at No. 244-P Misc. 1977, Civil Action—Law, is affirmed.