Marcus Hook Development Park, Inc. *v.* Board of Assessment Appeals of Delaware County, Pennsylvania. Chichester School District and the Borough of Marcus Hook, Appellants.

Marcus Hook Development Park, Inc. *v.* Board of Assessment Appeals of Delaware County, Pennsylvania. Chichester School District and the Borough of Marcus Hook, Appellants.

Argued June 10, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Arthur Levy*, with him *Gregory J. Polischuk*, of counsel: *Levy and Surrick*, for appellant, Chichester School District.

*James F. Proud*, of counsel: *Gibbons, Buckley, Smith, Palmer and Proud*, for appellant, Borough of Marcus Hook.

*Vincent J. LaBrasca*, with him *William J. Tancredi*, of counsel: *Fronefield and de Furia*, for appellees, Marcus Hook Development Park, Inc.

OPINION BY JUDGE CRAIG, August 9, 1982:

In this real estate tax assessment appeal case, initiated by Marcus Hook Development Park, Inc. (MHD) before the Delaware County Board of Assessment Appeals (board) as to 1979 and 1980 assessments, the Court of Common Pleas of Delaware County reduced the assessed values for those years, and the Chichester School District and the Borough of Marcus Hook, as taxing bodies who intervened below, have appealed to this court.

The complex and convoluted history of the property sales, assessments, assessment splits and appeals has been made more confusing by the difficulty which counsel themselves have encountered in agreeing upon what happened procedurally upon the record. We can best summarize that history by the tabular presentation which appears below, in which FMC refers to FMC Corporation, the previous owner of the entire property, and MHD refers to Marcus Hook Develop-

ment Park, Inc., which acquired 46 acres from FMC, called the "main parcel." The term "borough parcel" refers to the remaining 16.5 acres donated by FMC to the Borough of Marcus Hook and leased by it to MHD. In our tabular format, the left-hand side relates to the main parcel, the right-hand side relates to the borough parcel, and comments of full-page width relate to the entire property.

## HISTORY

FMC, then owner of the entire property, appealed 1977 and 1978 assessments to court.

| Main Parcel (46 acres) | Borough Parcel (16.5 acres) |
|---|---|
| 8-15-78 FMC sold to MHD for $1,100,000 (consideration also covering "other property"). | 8-15-78 FMC gave to borough for $1,650,000 stated value; borough leased to MHD, which leased part back to borough; |

8-31-78 MHD appealed to board the 1979 assessment of the entire property at $925,000; MHD was lessee of borough parcel, not owner.

10-31-78 *MHD case:* Board marked the appeal to hold the 1979 assessment of entire property at $925,000; no record of hearing or conclusion of case at that time.

1-23-79 *FMC case:* (MHD not in case) Court fixed entire property's 1977 assessment at $525,000 and 1978 at $500,000.
Board accordingly fixed assessment of entire property for 1979 at $500,000. Notice given.

9-20-79 Notice of board's split of the assessment of the entire property for 1980 into—

| Main parcel at $400,000 | Borough parcel at $100,000 |
|---|---|
| 9-21-79 MHD sold 4.2 acres of main parcel to I.U. Conversions (IUC) | |
| 11-21-79 Notice of board's split of the main parcel 1980 assessment into $393,000 and, for IUC portion, $7,000. | |
| 12-3-79 Notice of split of 1980. | |
| 1-9-80 MHD appealed 1980 assessment to court | |

1-9-80 Board hearing: board set 1980 assessment at $393,000

MHD raised issue of borough parcel assessment at hearing (MHD lessee)

1-31-80 MHD appealed to court the main parcel 1979 and 1980 assessments.

MHD appealed to court the borough parcel 1979 and 1980 assessments

On March 30, 1981, the Court of Common Pleas of Delaware County, by Judge DE FURIA, issued its decision, holding that:

1. The 1979 assessment of the main parcel was properly before the court for decision;

2. The 1980 assessment appeal is not limited to review of the mere apportionment of assessed values between the portions of the property but can consider the merits of the assessed value amounts; and

3. The assessments of the borough parcel were embodied within MHD's appeals as to 1979 and 1980.

Accordingly, the court held that it could fix 1979 and 1980 assessed values for both the main parcel and the borough parcel, and hence proceeded to fix 1979 and 1980 assessed values at $195,925 for the main parcel and $60,000 for the borough parcel.

### THE ISSUES

To analyze the issues, we continue to distinguish between the main and borough parcels and as to the respective years involved.

As to the borough parcel, the question for both the 1979 and 1980 assessments is:

Should the court's revisions of the 1979 and 1980 assessed values of the borough parcel be set aside on the ground that MHD, as lessee only, had no standing to appeal the assessment of that parcel?

As to the main parcel, the questions for the respective years' assessments are:

As to the 1979 assessed value of the main parcel, did the court lack jurisdiction because of an absence of any appeal by MHD to court from the board after MHD filed its initial 1979 appeal with the board, or was the assessed value for that year implicitly reset as a result of the earlier appeal taken by FMC?

As to the 1980 assessment, did the court lack jurisdiction because MHD appealed only after the board issued notice of its actions splitting the assessment of the main parcel, without having filed a timely appeal from the earlier assessment of the main parcel?

## 1. *MHD's Standing to Appeal Assessments of Borough Property*

The governing statutory provisions with respect to the borough parcel question are Sections 8 and 9 of The General County Assessment Law, Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. §§5349, 5350. Section 8 variously describes persons entitled to appeal to the board as the "owner of property," and as any "person aggrieved." Section 9, with respect to appeals to court, provides for the appeal being taken by a "taxable" and a "taxpayer." The Pennsylvania Supreme Court has consistently interpreted the real estate tax laws to tax the real owner, *North Philadelphia Trust Co. v. Heinel Bros., Inc.,* 315 Pa. 385, 172 A. 692 (1934), which need not be the record owner, but may be the equitable owner, *Baltimore and Ohio Railroad Appeal,* 405 Pa. 349, 175 A.2d 841 (1961).

Here the borough is the real owner, as owner of record and beneficial owner as well. MHD, as lessee, although obligated by lease to pay the taxes to or on behalf of the borough, does not, by virtue of that lease provision, become the taxpayer in the place of the borough.

MHD here correctly cites *Reading Municipal Airport Authority v. Schuylkill Valley School District*, 4 Pa. Commonwealth Ct. 300, 286 A.2d 5 (1972) for the proposition that, under Pa. Const. art. 8, §2, public property which is used for public purposes is exempt from taxation, but, admitting that the borough portion of the property here is *not* so used, MHD's argument proceeds to the non-sequitur that the borough is not liable for taxes, and the contention that only MHD as lessee, by virtue of the lease obligations, is the "taxable."

However, when publicly-owned land is not used for public purposes, the municipality or other public body can be, and indeed is, the taxpayer liable to pay the taxes. *Moon Township Appeal*, 425 Pa. 578, 229 A.2d 890 (1967); *Pennsylvania Turnpike Commission v. County of Fulton*, 195 Pa. Superior Ct. 517, 171 A.2d 882 (1961).

Accordingly, the borough as owner has the exclusive right to challenge the assessment, but, in these circumstances, obviously has not chosen to do so. We have been shown no authority giving a lessee such as MHD any basis for appealing in its own right. Lessees are left to protecting themselves in the negotiation of the lease provisions with a municipality or other public agency.

We therefore must disagree with the court of common pleas that the appeals filed by MHD with respect to the entire property and with respect to the borough parcel were effective to bring up for review before the board or court that part of the property held by the borough as owner.

2. *Jurisdiction Over the 1979 Assessment of MHD Property*

Although MHD timely appealed the 1979 assessment of the entire property at $925,000 to the board

on August 31, 1978, the taxing bodies contend that the common pleas court appeal did not embrace 1979 because (1) MHD did not file a separate appeal from any action of the board resetting the 1979 assessment after MHD had filed its initial 1979 assessment appeal, or, alternatively, (2) because MHD took no action with respect to the impact of the January 23, 1979 court order which concluded FMC's original assessment appeal by refixing the 1977 and 1978 assessments —a court order which, according to the taxing bodies, automatically embodied the 1979 assessment by virtue of subsection (c) of Section 9 of the Law which provides:

> (c) If a taxpayer has filed an appeal from an assessment, so long as the appeal is pending before the board or before a court on appeal from the determination of the board . . . the appeal will also be taken as an appeal by the taxpayer on the subject property for any valuation for any assessment subsequent to the filing of such appeal with the board and prior to the determination of the appeal by the board or the court. . . .

We agree with Judge DE FURIA's conclusion on this point and must disagree with the alternative theories of the taxing bodies.

MHD's board appeal of the 1979 assessment of the entire property, filed in 1978, necessarily included the question of the MHD parcel's 1979 value.

First, board action thereafter on the 1979 assessment, whether taken by the board independently or as a reflection of the court's 1978 value determination in the FMC case, necessarily became part of the record of MHD's 1979 assessment case, as distinguished from having any effect of concluding or ousting MHD's appeal on that very subject.

On the second contention, we cannot read Section 9(c) as providing that FMC's 1977 appeal "will also be taken" as an appeal as to the MHD parcel for 1979 when MHD had expressly brought that very issue before the board in 1978. The existence of an actual appeal negates any basis for a statutorily-implied appeal.

The court's decision with respect to the 1979 assessment of the MHD property will be affirmed.

*3. Jurisdiction over 1980 Assessment of MHD Parcel*

With respect to the 1980 assessment of the MHD parcel, the taxing bodies contend that when MHD, on January 9, 1980 appealed to court from the board's notice of its action splitting the 1980 assessment between the MHD portion and the portion which MHD had sold to IUC, that appeal, although timely and effective as to the apportionment issue, could not involve the merits of the amount of the 1980 assessment because MHD had failed to appeal the overall assessment of its parcel to the board on or before September 1, 1979.

We believe that Judge DE FURIA's view, that the appeal could involve the merits of the assessment as well as the apportionment, is sustained by the words and concept of Section 8(b) of the Law, which grants taxpayers a right of appeal to the board within forty days after notice of a board action changing an assessment —an appeal right separate from, and in addition to, the appeal which a taxpayer, under Section 8(a) of the Law, can take to the board on or before the first day of each September from an assessment action. Much confusion could ensue if we were to divide appeals under Section 8(b) into subcategories not expressed in the statute. When a board gives notice of an assessment change involving an apportionment with respect to subdivided parts of a property, there is no basis for

asserting with certainty that such action is not also a reassessment of the respective values, even if the aggregate amount is the same as it previously stood. To the taxing bodies' claim that such a reading can, as a result of such further action by a board, give the taxpayer a further opportunity to appeal, we can only answer that Section 8(b) extends an opportunity to appeal each change by the board, even if the board acts more than once with respect to the assessment of a particular year.

Thus, the court's action with respect to both the 1979 and the 1980 assessments of the MHD parcel will be affirmed, with only the action as to the borough parcel vacated.

### ORDER

Now, August 9, 1982, the order of the Court of Common Pleas of Delaware County, dated April 24, 1981, is affirmed, except that, as to item (2) therein relating to the 1979 and 1980 assessments of the land owned by the Borough of Marcus Hook ("T.T.D. Building," Folio 637-1), the order is vacated.