## Colonial Lodge & Banquet Center v.
## Lancaster County Board of Assessment Appeals

*Frank J. Vargish,* for plaintiff.
*Paul K. Allison,* for defendant.

ECKMAN, *J.,* July 14, 1986 — Presently before the court is the motion to quash appeal filed by the Lancaster County Board of Assessment Appeals to the appeal filed by Colonial Lodge and Banquet Center.

Appellant filed the appeal on December 20, 1984, challenging the board's tax assessment for premises located on the eastern side of U.S. Route 222 in East Cocalico Township, Lancaster County, Pa. (appeal, paragraph 2). The record owner of the property is Lancaster Industrial Development Authority (motion to quash appeal, paragraph 3; appellant's response to motion to quash, paragraph 3). Appellant holds equitable title to the property by virtue of an installment sale agreement with Lancaster Industrial Development Authority. (appellant's response to motion to quash, paragraph 3). The board filed the instant motion to quash appeal on January 28, 1985, and appellant filed a response thereto on February 12, 1985. Briefs having been filed by the parties, the motion is ready for disposition.

The board's sole contention is that the appeal is defective because, since appellant is not the record

owner of the premises, the appeal has not been brought by a taxpayer or taxable as required by the statutory provisions providing for assessment in counties of the third class.[1] Therefore, the board maintains, the appeal should be quashed. We disagree.

Under section 5350, supra, of the code dealing with assessments in third class counties, only a "dissatisfied taxable" may appeal an assessment by the board to the court of common pleas. The general rule in Pennsylvania is that tax liability follows ownership. *Baltimore & Ohio Railroad Appeal*, 405 Pa. 349, 175 A.2d 841 (1961).

"The Pennsylvania Supreme Court has consistently interpreted the real estate tax laws to tax the real owner, *North Philadelphia Trust Co. v. Heinel Bros. Inc.*, 315 Pa. 385, 172 Atl. 692 (1934), which need not be the record owner, but may be the equitable owner, *Baltimore and Ohio Railroad Appeal*, 405 Pa. 349, 175 A.2d 841 (1961)." *Chichester School District et al. Appeal*, 68 Pa. Commw. 229, 233, 449, A.2d 70 (1982).

"In the case of a contract for the conveyance of land, the burden of taxation as between the parties follows possession or the right thereto." *Baltimore & Ohio Railroad Appeal*, supra, 405 Pa. at 354.

Instantly, the record shows that appellant is the equitable owner of the premises by virtue of the installment sale agreement between appellant and Lancaster Industrial Development Authority and that appellant is presently in possession of the subject premises. Furthermore, tax correspondence from the board is addressed to Lancaster Industrial

---

1. Assessments in Counties of the Second Class A and Third Class, Act of June 26, 1931, P.L. 1379, §9, as amended; 72 Pa.C.S. §5350, Supplement.

Development Authority c/o Colonial Lodge & Banquet Center, R.D. #3, Denver, Pa. 17517, appellant's business address (appeal, paragraph 1). Under the circumstances, we find that appellant is a "dissatisfied taxable" within the meaning of section 5350 supra, and therefore has standing to bring the instant appeal.

Accordingly, we enter the following

### ORDER

And now, July 14, 1986, the motion to quash appeal filed by respondent, Lancaster County Board of Assessment Appeals, to the appeal filed by appellant, Colonial Lodge and Banquet Center, is hereby denied. Respondent is directed to file its next responsible pleading within 20 days of the date of this order.