Appeal by the Redevelopment Authority of the City of Harrisburg From the Dauphin County Board of Assessment and Revision of Taxes. Harrisburg School District, County of Dauphin and City of Harrisburg, Appellants.

300

Argued June 6, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*John C. Howett, Jr., Friedman & Friedman*, for appellant.

*William M. Young, McNees, Wallace & Nurick*, with him *Francis B. Haas, Jr.*, and *Stuart J. Magdule*, for appellees.

OPINION BY JUDGE MACPHAIL, July 30, 1980:

The Harrisburg School District, the City of Harrisburg, and the County of Dauphin (Appellants) ap-

peal from a decision of the Court of Common Pleas of Dauphin County, reversing the Dauphin County Board of Assessment and Revision of Taxes (Board) and holding that Appellants have no power to tax certain real estate owned by the Redevelopment Authority of the City of Harrisburg (Authority).

The Authority acquired thirty-six parcels of real estate for future redevelopment, in addition to other parcels already conveyed to developers, pursuant to an urban renewal plan adopted by the City of Harrisburg in accordance with the Urban Redevelopment Law (URL), Act of May 24, 1945, P.L. 991, *as amended*, 35 P.S. §1701 et seq. The Chief Assessor of Dauphin County entered the thirty-six properties on the tax rolls as taxable property. That action prompted the Authority to petition the Board to find that the local taxing jurisdictions lacked the power to levy real estate taxes on the property of the Authority, being an agency of the Commonwealth, or in the alternative, that the Authority's real estate was exempt from local property taxes as public property used for a public purpose.

The Authority and Appellants submitted statements and a stipulation of facts to the Board. The Board held that sixteen of the thirty-six properties in question were exempt from local real estate taxes, but that the remaining twenty were not. The Authority appealed the Board's decision to the Court of Common Pleas. Appellants did not cross-appeal from the Board's exemption of the sixteen properties, and thus the only properties involved in this appeal are the twenty found taxable by the Board.

Judge Caldwell, the trial judge, found our decision in *Southeastern Pennsylvania Transportation Authority v. Board of Assessment and Revision of Taxes*, 13 Pa. Commonwealth Ct. 207, 319 A.2d 10 (1974), referred to as *SEPTA* case, to be controlling of the disposition of the instant case. In *SEPTA*, this Court unanimously

held that real estate owned by SEPTA, an agency and instrumentality of the Commonwealth, could not be subjected to local taxation because of the absence of a specific delegation of taxing authority by the Pennsylvania General Assembly to the local taxing authorities. No such delegation of taxing power was contained within the provisions of the Metropolitan Transportation Authorities Act of 1963 (MTA), Act of August 14, 1963, P.L. 984, *as amended*, 66 P.S. §2001 et seq., the act which created SEPTA, nor in any other relevant statutes.

In the instant case, real estate is owned by the Authority, which is also an agency and instrumentality of the Commonwealth. *Herriman v. Carducci*, 475 Pa. 359, 380 A.2d 761 (1977). The language of the URL, the Authority's enabling act, providing that a Redevelopment Authority shall not be deemed to be an instrumentality of a city or county, Section 4(a) of the URL, 35 P.S. §1704(a), but "shall constitute a public body," and exercise "public powers of the Commonwealth as an agency thereof," Section 9 of the URL, 35 P.S. §1709, is nearly identical to the language of the MTA designating each transportation authority as an agency and instrumentality of the Commonwealth, Section 4(a) of the MTA, 66 P.S. §2004(a). Like the MTA, the URL also contains no specific delegation of powers to local authorities to tax properties owned by entities created under the URL and no such delegation has been found elsewhere.

On appeal the Appellants argue to us, however, (1) that the *SEPTA* decision, though controlling, is incorrectly decided and should be overruled, because Appellants, as local taxing authorities, do have the power to tax the Authority's property; and (2) that if Appellants have the power to impose local taxes, the real estate owned by the Authority does not qualify for total exemption from the tax, because several proper-

ties do not constitute public property "actually and regularly used for public purposes." Pa. Const. art. VIII, §2(a)(iii).

After reconsideration of our decision in *SEPTA*, we must conclude that *SEPTA* is controlling of this case and that the court's reasoning in *SEPTA* based on construction of statutes and prior case law is correct. We thus affirm the holding of the lower court that the Appellants — local taxing authorities — have no power to tax the Redevelopment Authority of the City of Harrisburg.

Since we affirm on the basis of *SEPTA* and its supporting cases, we shall limit our discussion herein to the principles of law underlying that decision as they relate to appellants' arguments. We begin with a restatement of a concept basic to the government of the Commonwealth, that the power of taxation lies solely with the General Assembly of the Commonwealth, and that without a grant or delegation of power to tax by acts of the General Assembly, a municipality has no power to tax. *Philadelphia v. Southeastern Pennsylvania Transportation Authority*, 8 Pa. Commonwealth Ct. 280, 303 A.2d 247 (1973), citing *Mastrangelo v. Buckley*, 433 Pa. 352, 250 A.2d 447 (1969). To determine whether a municipality possesses the power to tax in a certain area, one must look to the acts of the General Assembly. The provisions of those acts are to be strictly construed and the grant of such power may not be found by implication. *Mastrangelo, supra.*

Another basic presumption clearly established over the course of the Commonwealth's history is that property owned by the sovereign, the Commonwealth, is not ordinarily subject to taxation. "The legislators did not intend to upset the orderly processes of government by allowing the sovereign power to be burdened by being subjected to municipal taxes. Legislative

enactments presumptively affect only private rights and do not embrace the rights of a sovereign unless the sovereign is explicitly designated or clearly intended." *Commonwealth State Employees' Retirement System v. Dauphin County*, 335 Pa. 177, 6 A.2d 870 (1939).

From these two principles arises the rule that state-owned property cannot be taxed by a municipality in the absence of a statute clearly authorizing it to do so. However, Appellants contend that the General Assembly *does* authorize Appellants to tax the Authority's property under The Fourth to Eighth Class County Assessment Law (County Assessment Law), Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §5453.101 et seq.[1] Section 201 of the County Assessment Law provides in pertinent part that,

> The following subjects and property shall as hereinafter provided be valued and assessed and subject to taxation for all county, borough, town, township, school (except in cities), poor and county institution district purposes, at the annual rate,
>
> (a) All real estate ... not exempt by law from taxation....

72 P.S. §5453.201.

Within the County Assessment Law, we see no clear authorization given local taxing authorities to tax property of the Commonwealth; for the phrase "[a]ll real estate" does not necessarily imply property of the Commonwealth. In *State Employes' Retirement*

---

[1] The Appellants chose to become subject to the provisions of The Fourth to Eighth Class County Assessment Law, rather than to remain under the provisions of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §5020-101, et seq. However, the grant of taxing authority in Section 201 and the exemptions in Section 202 of The Fourth to Eighth Class County Assessment Law are for purposes of this case identical to those of the General County Assessment Law.

*System, supra,* our Supreme Court stated that "[i]t is not to be presumed that the general provisions of Section 201 [of the General County Assessment Law], delegating a portion of the power to tax real estate to municipal subdivisions, was meant to include property owned by the Commonwealth." *Id.* at 180, 6 A.2d at 872. We interpret Section 201 of the County Assessment Law to mean that the local taxing bodies are empowered to tax "[a]ll real estate" over which they enjoy the power of taxation, which, in the instance of property of the Commonwealth, must be specifically delegated somewhere, but has not been in the case now before us.

Appellants direct our attention to Section 202 of the County Assessment Law, which provides in pertinent part that,

> (a) The following property shall be exempt from all county, borough, town, township, road, poor, county institution district and school (except in cities) tax, to wit:
>
> ....
>
> (7) All other public property used for public purposes ...

72 P.S. §5453.202.

Appellants argue that this exemption section implies that state-owned public property *other* than that used for public purposes *is* subject to taxation, because it would fall within the category of "[a]ll real estate."

We disagree, for we must assume that the Legislature at the time of enactment of the County Assessment Law was aware of the long-established presumption against taxation of Commonwealth property. As this Court stated in *SEPTA*, had the Legislature meant to include Commonwealth property, it could easily have inserted the words "including Commonwealth property" within the language of the statute. The power to tax Commonwealth property is

not necessarily implied by the existence of an exemption provision within or without the same act.[2] We can only speculate that the General Assembly inserted the exemption provision to emphasize the tax free nature of most public property.

The conclusion to which we adhered in *SEPTA, supra,* and in the very recent decision of this Court in *Owen J. Roberts School District Appeal,* 45 Pa. Commonwealth Ct. 135, 405 A.2d 1314 (1979), that land owned by the Commonwealth is not subject to tax, whether or not it is used for a public purpose, is consistent with the Pennsylvania Constitution. Section 2(a)(iii) of Article VIII provides that:

> (a) The General Assembly may by law exempt from taxation:

> (iii) That portion of public property which is actually and regularly used for public purposes.

Pa. Const. art. VIII, §2(a)(iii).

Section 5 of Article VIII further provides that:

> All laws exempting property from taxation, other than the property above enumerated shall be void.

Pa. Const. art. VIII, §5.

We construe these sections of our Constitution to apply only when a power to tax first exists. In other words, if the General Assembly does not specifically delegate power to municipalities or other local bodies to tax an instrumentality of the Commonwealth, such as the Authority, the General Assembly need not make use of exemptions allowed by Section 2(a)(iii) of Article VIII. By holding that all public property owned by the Authority is not subject to taxation (because of the

---

[2] In *SEPTA, supra,* even though an express exemption provision was contained within the MTA, SEPTA's enabling act, the court based its decision that SEPTA was not subject to taxation on a lack of power to tax, not on the fact of the exemption provision.

absence of a specific statutory delegation of taxing power), we are not unconstitutionally extending the exemption provision of Section 2(a)(iii) of Article VIII, as is prohibited by Section 5 of Article VIII. Rather, we are simply stating that no taxing power exists.

Our holding that Appellants possess no power to tax the Authority eliminates the need to discuss Appellants' second argument, that the Authority's real estate did not fall totally within the statutory exemption.

Accordingly, we affirm the trial court.

ORDER

AND Now, this 30th day of July, 1980, the order of the Court of Common Pleas of Dauphin County, dated April 5, 1979, reversing the decision of the Dauphin County Board of Assessment and Revision of Taxes, is hereby affirmed.