## Commonwealth v. Alverno Valley Farms

*Stephen A. Turbak,* for plaintiff.
*Harry F. Dunn, Jr.,* for defendant.

LABRUM, *J.,* August 17, 1984—This matter comes before the court on defendant's appeal from summary conviction before District Justice Paul Ewaka. Defendant was found Guilty and fined for failure to file tax returns and payment of taxes for the years 1982 and 1983 respectively. The tax was enacted as a business privilege tax pursuant to the Local Tax Enabling Act of 1965, 53 P.S. §3901, otherwise known as Act 511.

Because we find that Middletown Township is not authorized to levy a business privilege tax against this defendant, we Sustained the appeal and find defendant not guilty.

The facts of this case are not in dispute. Berkheimer Associates is a duly authorized agent for Middletown Township for the collection of taxes levied under Act 511. On December 15, 1980 Middletown Township, acting under the general powers in Section 2 of Act 511 (53 P.S. §6902), enacted Ordinance 266 imposing a Business Privilege Tax on all businesses in the Township which were defined as:

"All business, trades, occupation, professions and activities carried on or exercised for gain or profit,

including without limitation those enterprises engaged in by . . . electrical, plastering, bricklaying, carpentry, heat, ventilating, plumbing and painting contractors engaged in the class of heavy building or other construction of any kind . . ."

Defendant is a building and construction firm engaged in the business of erecting and constructing new residential dwellings in Middletown Township. Defendant argued that Middletown Township is not authorized to levy a Business Privilege Tax against defendant builder or to require it to file tax returns under Township Ordinance 266 where the Local Tax Enabling Act, 53 P.S. §6901 et seq., as amended, provides the township with no authority to enact said ordinance. We agree with defendant in its argument.

Appellate courts in Pennsylvania have held that the power of taxation lies solely with the General Assembly and that without a grant or delegation of power to tax by acts of that assembly, a municipality has no power or authority to levy, assess or collect taxes. Harrisburg School District, et al, Tax Appeal, 53 Pa. Commw. 299, 417 A.2d 848 (1980). The courts have held that the determination of whether the General Assembly has granted to a municipality the power of taxation in a particular area is subject to strict construction and the grant of such power may not be extended by implication. Therefore, where a municipal Ordinance is unauthorized or conflicts with the enabling statute, the Ordinance to that extent is void. Borough of Brookhaven v. Century 21, 57 Pa. Commw. 211, 425 A.2d 466 (1981).

Defendant further argues that it is a builder of new residential dwellings and as such, owes no tax and is thus not required to file any tax returns since new residential dwellings are excluded and exempt-

ed from any tax by the terms of the Local Tax Enabling Act, 53 P.S. §6902(11), which provides:

"Such local authorities shall not have authority by virtue of this act:

(11) Two levy, assess or collect a tax on the construction of or improvement to residential dwellings or upon the application for or issuance of permits for the construction of or improvements to residential dwellings."

Paragraph 23(A) of the Business Privilege and/or Mercantile Tax Rules and Regulations enacted pursuant to the Township of Middletown Ordinance 266 which is the sole basis for the taxing of builders specifically provides that:

"A contractor or subcontractor, resident or non-resident, engaged in the business of erecting buildings, or otherwise altering, repairing real property, or other major construction work, is required to report as gross receipts all receipts derived from the performance of such contracts. The amount of receipts to be included in the tax base shall be the full contract price . . ."

The aforesaid paragraph conflicts with 53 P.S. §6902(11) which exempts the construction of or improvement to residential dwellings from a township's taxing authority. Accordingly, the taxation of the construction of residential dwellings, which is defendant's sole business, is specifically prohibited by the tax exemption in 53 P.S. §6902(11).

For the foregoing reasons, the court finds defendant not guilty as charged.