# Bucks County Community College v. Bucks County Board of Assessment Appeals

*Richard S. Hoffmann,* for plaintiff.
*Edward Rudolph,* for defendant.

BIEHN, *J.,* May 24, 1991—Plaintiff filed a complaint in equity seeking injunctive relief. No answer was filed. It was agreed by counsel, before the undersigned, that this matter be decided based on the facts as set forth in the complaint. The sole issue before this court is whether or not certain property presently owned by plaintiff (county tax parcel nos. 4-19-2, 4-19-414 and 4-23-4) is tax exempt.

Plaintiff is a two-year college located in Newtown, Bucks County. It is sponsored by the County of Bucks and its trustees are appointed by the Bucks County Commissioners.

Defendant, the Bucks County Board of Assessment Appeals, assesses the value of real property in the county that is subject to taxation by the county and boroughs, townships and school districts therein.

By deed dated June 28, 1990 and recorded July 13, 1990, plaintiff became the owner of certain real estate (and the structures thereon) located in Bristol Borough which is the subject of the instant case. Defendant placed the property upon the tax rolls thereby making it subject to taxation by the County, Bristol Borough and the Bristol Borough School District. The tax parcels have been assessed as follows: no. 4-19-2 at $23,860, no. 4-19-414 at $680 and no. 4-23-4 at $1,320.

Plaintiff now argues that as an instrumentality or agency of the Commonwealth, the college and any real property it owns is not subject to taxation by

municipalities. Plaintiff requests this court to permanently restrain defendant from placing the subject property upon the county tax rolls and from placing an assessment upon the tax parcels so long as they are owned by plaintiff.* Statutes exempting property from taxation are to be strictly construed. In addition, one who claims such an exemption bears a heavy burden of proving the property falls within the exemption. *In re Appeal of Pittsburgh NMR Institute,* 133 Pa. Commw. 464, 577 A.2d 220 (1990).

We do not dispute that property owned by the Commonwealth is not, in the absence of statutory authority, subject to local taxation. Our Supreme Court reiterated the law is this area as follows:

"In *Commonwealth v. Dauphin County,* 335 Pa. 177, 6 A.2d 870 (1939) we held that real estate owned by the Commonwealth may not be subjected to taxation by political subdivisions in the absence of express statutory authority. This principle was reaffirmed in *Southeastern Pennsylvania Transportation Authority v. Board of Assessment and Revision of Taxes of Delaware County,* 13 Pa. Commw. 207, 319 A.2d 10 (1974). See also, *Commonwealth v. Erie Metropolitan Transit Authority,* 444 Pa. 345, 281 A.2d 882 (1971). Thus, in the absence of express statutory authorization no power to tax Commonwealth agencies can be imputed to a political subdivision." *In re Appeal of the Board of School Directors of the Owen J. Roberts School District,* 500 Pa. 465, 467-68, 457 A.2d 1264, 1265 (1983).

The question then becomes whether plaintiff, Bucks County Community College, is a Commonwealth agency. Plaintiff argues that it is and relies on

---

* We are aware that the property in question is also the subject of a case now pending before the Honorable Michael J. Kane of this court. The instant opinion is not intended to be nor is it dispositive of the issue before Judge Kane.

cases dealing with state colleges and other types of entities, such as redevelopment authorities or municipal transportation authorities.

In *Appeal by the Redevelopment Authority of the City of Harrisburg,* 53 Pa. Commw. 299, 301-02, 417 A.2d 848, 850 (1980), the court found that the redevelopment authority was an agency of the Commonwealth and stated the following:

"Judge Caldwell, the trial judge, found our decision in *Southeastern Pennsylvania Transportation Authority v. Board of Assessment and Revision of Taxes,* 13 Pa. Commw. 207, 319 A.2d 10 (1974), referred to as *SEPTA* case, to be controlling of the disposition of the instant case. In *SEPTA,* this court unanimously held that real estate owned by SEPTA, an agency and instrumentality of the Commonwealth, could not be subjected to local taxation because of the absence of a specific delegation of taxing authority by the Pennsylvania General Assembly to the local taxing authorities. No such delegation of taxing power was contained within the provisions of the Metropolitan Transportation Authorities Act of 1963 (MTA), Act of August 14, 1963, P.L. 984, as amended, 66 P.S. §2001 et seq., the act which created SEPTA, nor in any other relevant statutes.

"In the instant case, real estate is owned by the Authority, which is also an agency and instrumentality of the Commonwealth. *The language of the URL, the Authority's enabling act, providing that a Redevelopment Authority shall not be deemed to be an instrumentality of a city or county, section 4(a) of the URL, 35 P.S. §1704(a), but 'shall constitute a public body,' and exercise 'public powers of the Commonwealth as an agency thereof,' section 9 of the URL, 35 P.S. §1709, is nearly identical to the language of the MTA designating each transporta-*

*tion authority as an agency and instrumentality of the Commonwealth, section 4(a) of the MTA, 66 P.S. §2004(a).* Like the MTA, the URL also contains no specific delegation of powers to local authorities to tax properties owned by entities created under the URL and no such delegation has been found elsewhere.'' (citation omitted; emphasis supplied)

In the instant case, plaintiff argues that it is an instrumentality of the Commonwealth because (1) the state contributes to the operating budget of a community college; (2) the Secretary of Education has a great deal of authority over the expenditures of a community college; and (3) the state Board of Education has authority to provide for the establishment, operation and maintenance of a community college, including establishing minimum requirements for curriculum, faculty, student admissions and so forth.

While the above may be true, we find that community colleges, including plaintiff, are not so closely connected to the Commonwealth as to be considered an agency or instrumentality of it.

For example, we find the following definitions instructive:

''ARTICLE XIX-A. COMMUNITY COLLEGES''

*''Article XIX-A, Community Colleges, was added by Act 1985, July 1, P.L. 103, no. 31, §1.*

''§19-1901-A. *Definitions*

''The following words and phrases, as used in this article, shall, unless a different meaning is plainly required by the context, have the following meaning:

''(2) 'Local sponsor' shall mean a *school district or a municipality or a county board of school directors* or any combination of school districts,

municipalities or county boards of school directors which participate or propose to participate in the establishment and operation of a community college.

"(4) 'Community college' shall mean a public college or technical institute which *is established and operated in accordance with the provisions of this act by a local sponsor* which provides a two year, post-secondary, college-parallel, terminal-general, terminal-technical, out-of-school youth or adult education program or any combination of these. The community college may also provide area vocational-technical education services to secondary senior high school students.

"(5) 'Community college plan' shall mean a plan prepared in accordance with the policies, standards, rules and regulations of the State Board of Education for the establishment or operation of a community college and *shall include a survey of any industrial development and manpower needs of the area and of any vocational and occupational shortage and the means by which the community college program and curriculum shall further industrial development, reduce unemployment and improve employable skills of residents of the area to be served by the community college.*" 24 P.S. §19-1901-A. (emphasis supplied)

The Community Colleges Act also provides for the establishment of a board of trustees and sets forth the powers and duties of that board:

"§19-1904-A. *Election or appointment; term and organization of board of trustees*

"(a) The board of trustees of a community college shall be elected *by the vote of a majority of the members of the governing body or governing bodies of the local sponsor* within 60 days of the approval of the plan by the State Board of Education, except

that the board of trustees of a community college sponsored by a city of the second class shall be appointed by the mayor, with approval of city council, and in cities of the first class shall be appointed by the mayor from nomination from a nominating panel established in accordance with municipal ordinance." 24 P.S. §19-1904-A. (emphasis supplied)

"§19-1905-A. *Powers and duties of board of trustees*

"(a) The affairs of any community college established under this act *shall be administered and supervised by a board of trustees.* Subject to any law and to any policies, standards, rules and regulations adopted by the State Board of Education provided for community colleges, the board shall, for the purpose of establishing, operating and maintaining a community college, have the power, and its duty shall be:

"(1) To appoint and fix the salary of a president.

"(2) To hold, rent, lease, sell, purchase and improve land, buildings, furnishings, equipment, materials, books and supplies.

"(3) To enter into contracts for services with schools, colleges or universities, or with school districts or municipalities, to effectuate the purposes of this act.

"(4) To accept and receive gifts of real and personal property and federal, state and local moneys and grants, and to expend the same.

"(5) To make policies providing for the admission and expulsion of students, the courses of instruction, the tuition and fees to be charged and for all matters related to the government and administration of the college.

"(6) To submit to the State Board of Education for its approval proposed amendments to the community college plan.

"(7) To enter into contracts for services to high schools of member districts to provide area vocational-technical education services.

"(8) To exercise such other powers and perform such other duties as are necessary to carry into effect the purposes of this act." 24 P.S. §19-1905-A. (emphasis supplied)

Although the State Board of Education provides for the establishment, operation and maintenance of community colleges, it is clear that a community college is locally sponsored and meant to serve the needs of the local area. (See section 19-1901-A above.) In addition, the board of trustees, elected by the local sponsor, has extensive power to administer and supervise the affairs of a community college. (See section 19-1905-A above.)

We see a distinction between the Community Colleges Act and the enabling acts quoted in *City of Harrisburg* which specifically stated that the redevelopment authority or municipal transportation authority constituted a public body and exercised powers of the Commonwealth. *Appeal by the Redevelopment Authority of the City of Harrisburg* at 302, 417 A.2d at 850.

So too, do we see a distinction between community colleges and state universities:

"§20-2002-A. *Establishment of the State System of Higher Education and its institutions*

"(a) Subject to the regulatory powers conferred by law upon the State Board of Education, there is hereby established a body corporate and politic constituting a *public corporation and government instrumentality* which shall be known as the State System of Higher Education, independent of the

Department of Education, hereinafter referred to as the system, which shall consist of the following institutions and such other institutions, presently existing or newly created, as may hereafter be admitted by the board in concurrence with other agencies as required by law:. . ." 24 P.S. § 20-2002-A. (emphasis supplied)

We believe that the degree of control exercised over a community college by the Commonwealth is not such that it renders a community college a Commonwealth agency or instrumentality. Accordingly, we enter the following

## ORDER

And now, May 24, 1991, it is hereby ordered and directed that plaintiff's request for injunctive relief is denied. Unless post-verdict motions are filed within 10 days, this order shall constitute a final order of this court.